Commonwealth ex rel. Rossi *v.* Rossi, Appellant.

Argued April 16, 1947. Before RHODES, P. J., HIRT, RENO, DITHRICH, ROSS and ARNOLD, JJ.

*Harvey A. Miller,* for appellant.

*Louis Vaira,* for appellee.

OPINION BY HIRT, J., July 17, 1947:

Respondent has appealed from an order of court directing him to pay $75 per month for the support of Barbara Ann Rossi, his twelve-year-old daughter. She is the only child of relatrix and respondent. They were married in 1930 but separated in 1944 when relatrix left the common home and took Barbara with her. During the period of that separation, respondent provided for the support of both of them by monthly payments in an agreed amount. There was a reconciliation in December, 1944. The family then returned to the premises on Bryant Street in Pittsburgh, owned by relatrix and respondent by entireties, and lived there together until

the final separation on March 5, 1945. Relatrix then left the respondent and went to live in the home of her father, taking Barbara with her.

Before leaving, relatrix entered into a separation agreement with respondent, in writing. In it she agreed to convey her entire interest in the Bryant Street real estate to respondent on payment by him of $3,000. By the terms of the contract he agreed to pay for her support at the rate of $80 per month "until divorced" and $50 per month thereafter during the life of relatrix or until her remarriage. In consideration of these payments she agreed to support and maintain her daughter at her expense. Relatrix had good grounds for divorce and a decree was entered on her libel on January 9, 1946. When the agreement was entered into, both parties knew that a separation was inevitable and that it would be final. Primarily, the contract was intended as a property settlement and a determination of the liability of respondent for the future support of relatrix. These are proper subjects for settlement between husband and wife and the agreement in this case was valid though divorce was in the minds of the parties when negotiating its terms. *Forbes v. Forbes,* 159 Pa. Superior Ct. 243, 48 A. 2d 153. In an action in equity brought by respondent in the common pleas of Allegheny County, a chancellor has construed this same writing as a legal and enforceable contract binding on both parties; and at the time of the argument in this case, a decree nisi had been entered, ordering the relatrix to deliver a deed to respondent, on payment of $3,000, quit-claiming to him all her right, title and interest in the Bryant Street property.

It is of no moment in this case that in the settlement agreement, the respondent intended to limit his future obligation for the support of both his wife and his minor daughter, to the payment of $50 per month. And it is equally unimportant that relatrix agreed to that provision of the contract. Contracts between hus-

band and wife, if fairly made are generally considered binding as to them (*Miller v. Miller*, 284 Pa. 414, 417, 131 A. 236; *Hall v. Hall*, 97 Pa. Superior Ct. 429) although legally ineffective to oust the jurisdiction of the court in an action brought for the support of the wife. *Com. v. Richards*, 126 Pa. Superior Ct. 517, 191 A. 634. This support proceeding is not an action brought to enforce the performance of a contractual obligation. It is a quasi-criminal proceeding brought by the minor child in the name of the Commonwealth, though at the relation or on the information, of the child's mother. The relationship of parent and child is a status—not a property right (*Com. ex rel. Teitelbaum v. Teitelbaum*, 160 Pa. Superior Ct. 286, 50 A. 2d 713) and a mother cannot, by contract, bargain away the right of her minor child to adequate support, to the relief of the father, irrespective of the legality of the agreement between the parents themselves. *Com. ex rel. Rey v. Rey*, 159 Pa. Superior Ct. 284, 286, 48 A. 2d 131; *Com. v. Reckefus*, 92 Pa. Superior Ct. 117. The liability of the respondent under the present order is wholly unaffected by the terms of the separation agreement limiting his obligation to relatrix to the payment of $50 per month.

Barbara at the time of the hearing was enrolled as a boarding pupil in Mt. Mercy Academy in Pittsburgh at a monthly cost, for tuition and other proper charges, of $65.40. Respondent approves the school but objects to the expense; his judgment is that she should attend the academy as a non-resident day-pupil. Under the circumstances the placement of this child in a boarding school was proper. Nine people lived in the seven-room house of libellant's father. Overcrowding in that home was not conducive to the child's welfare. Though relatrix works for a living she is unable to establish a home for herself and the child elsewhere. Education of this girl in private school is not inconsistent with the respondent's station in life. Cf. *Com. v. Campbell*, 128 Pa. Superior Ct. 72, 193 A. 119; *Com. v. Gilmore*, 97 Pa. Superior Ct. 303,

The order is not excessive in amount. There is testimony that it will cost about $100 per month to provide reasonably for the minor while in a private school. The court found that $75 monthly would be adequate. The purpose of a support order is to secure such allowance to the child as is reasonable, having in mind the earning capacity of the father and the station in life of the parties. *Commonwealth v. Elliott,* 157 Pa. Superior Ct. 619, 43 A. 2d 630. Respondent is of sufficient ability to pay the amount fixed by the court. His net earnings from his general insurance business vary from $5,000 to upwards of $7,000 a year. After the payment of income taxes and the discharge of all other obligations, including the present order, there still will remain a substantial sum in excess of respondent's living costs. Cf. *Com. v. Lawson,* 153 Pa. Superior Ct. 446, 34 A. 2d 268.

Respondent had neglected to maintain his minor daughter adequately and the court, under all the circumstances, cannot be charged with abuse of discretion or other error of law in the order in this case.

Order affirmed.