Commonwealth ex rel. Snively *v.* Snively, Appellant.

Argued June 14, 1965. Before WRIGHT, WATKINS, MONTGOMERY, JACOBS, and HOFFMAN, JJ. (ERVIN, P. J., and FLOOD, J., absent).

*Morris Passon,* for appellant.

No argument was made nor brief submitted for appellee.

OPINION BY WATKINS, J., September 16, 1965:

This is an appeal from an order of support entered by the County Court of Philadelphia against Joseph

J. Snively, the appellant, in the amount of $15 a week for the support of his three-year old daughter, Vicky Lynn.

The parties were married May 7, 1960. At that time the appellant was in the Navy. The child was born December 19, 1960. The parties separated April 25, 1964. At the time of the hearings the mother and child were living with the relatrix's parents. The mother is unemployed and the child requires monthly medical attention. The appellant left the service in March of 1962. He was earning $75 per week when he made up his mind to seek a college education and testified that his parents are subsidizing this ambition. He quit his job four months before the first hearing, which was held August 25, 1964. The court found, if it is material, that the wife had no knowledge of his intention to go to college as, in fact, he had not completed high school at the time of the marriage. He also found that although the ambition to obtain a college education is a praiseworthy one a husband cannot use the cost of this ambition as a reason for failure to properly support his child. He entered the order of $15.

The husband filed an appeal from this order but later withdrew and discontinued it so that so far as this appeal is concerned the order of August 25, 1964 stands unappealed from. Subsequently the husband and wife executed a stipulation which was joined in by their counsel reducing the order to $5 per week while he was attending college full time and his stipulation was presented to the court below for approval. This was refused, and the appellant then filed a petition to modify which set forth, in effect, that the order should be reduced to $5 per week because of the stipulation of the parties and because of the change in circumstances brought about by his voluntarily leaving his employment to attend college.

We will quickly dispose of the stipulation contention. Most certainly the husband and wife cannot demand the approval by the court of their stipulation as to the support of the child. *Com. ex rel. Rossi v. Rossi,* 161 Pa. Superior Ct. 86, 53 A. 2d 887 (1947). We there held that contracts between husband and wife, if fairly made are generally considered binding as to them, although legally ineffective to oust the jurisdiction of the court in an action brought for the support of the wife. This position is even stronger in the case of the support of a child. The doctrine of parens patriae strongly applies. We said in the *Rossi* case, supra, at page 89: "This support proceeding is not an action brought to enforce the performance of a contractual obligation. It is a quasi-criminal proceeding brought by the minor child in the name of the Commonwealth, though at the relation or on the information, of the child's mother. The relationship of parent and child is a status—not a property right . . . and a mother cannot, by contract, bargain away the right of her minor child to adequate support, to the relief of the father, irrespective of the legality of the agreement between the parents themselves."

At the hearing on the petition to modify the court again found that the wife had no knowledge of the husband's educational plans before this marriage. The hearing established that while a student at Penn State his earnings would be reduced to $15 a week which would be insufficient to pay his college costs. This, it is argued, is the change of circumstances which, together with the stipulation, requires the court to reduce the order to $5 and remit the arrearages.

This case can easily be distinguished from *Com. ex rel. Lazarou v. Lazarou,* 180 Pa. Superior Ct. 342, 119 A. 2d 605 (1956). This was the case of the support of a wife who had separate earnings that were "considered in fixing the amount which is reasonable to

maintain her". It is also the case of a medical interne in the process of completing his professional education to which the wife consented when she married him. In the instant case there was no such consent, no separate income, and above all, this is the case of the support of a child whose right to support from the father is "well nigh absolute". *Com. ex rel. Firestone v. Firestone,* 158 Pa. Superior Ct. 579, 45 A. 2d 923 (1946).

The change of circumstances in this case that affects his earnings and earning power was brought about by the voluntary act of the appellant. His praiseworthy ambition to obtain an education, which may well work to the eventual advantage of his child, cannot be realized at the expense of his obligation to support the child, and we agree with the court below that he cannot "arrogate unto himself the conditions upon which he will support this child". He makes much of the expense of his education but we should take judicial notice of the fact that federal and state laws have made it easy today to finance the cost of an education and postpone repayment of such loan until after graduation, and when fully employed.

Order affirmed.