346 A.2d 542
**Antonetta BRIA, Appellant,**
v.
**Victor E. BRIA.**

Supreme Court of Pennsylvania.

Argued May 20, 1974.

Decided Oct. 30, 1975.

Edward S. Finkelstein, Harrisburg, for appellant.

Harry B. Goldberg, Harrisburg, for appellee.

Before JONES, C. J., and EAGEN, O'BRIEN, ROBERTS, POMEROY, NIX and MANDERINO, JJ.

## OPINION OF THE COURT

PER CURIAM.

Decree affirmed. Costs on appellant.

ROBERTS, J., filed a dissenting opinion in which MANDERINO, J., joined.

ROBERTS, Justice (dissenting).

Antonetta Bria and Victor Bria were married on June 6, 1959, and shortly thereafter adopted a daughter Rosetta. In 1972, following a period of marital discord, the couple executed a separation agreement which provided, *inter alia*, that Victor would pay Antonetta $43 a week for the support of Rosetta. Later that year Victor and Antonetta were divorced.

Victor made full payment according to the support agreement for only a few weeks and then unilaterally reduced his payments to $30 a week. Antonetta filed a petition for child support in the Family Division of the Court of Common Pleas. After a hearing the court ordered Victor to pay child support of $31 a week. Neither party appealed from that order.

Subsequently Antonetta filed an action in equity in which she sought to have the support provision of the separation agreement specifically enforced. The chancellor determined that the support granted by the family division was adequate to support Rosetta and appropriate in light of Victor's income and therefore refused to grant the requested remedy. Antonetta then brought this appeal.

The chancellor, relying on *Commonwealth ex rel. Balph v. Balph,* 210 Pa.Super. 244, 232 A.2d 76 (1967), and *Commonwealth ex rel. Snively v. Snively,* 206 Pa.Su-

per. 278, 212 A.2d 905 (1965), concluded that he was free to disregard the agreement of the parties. Although those cases do hold that a support order is not binding in all situations, the rationale of those decisions does not apply to the present appeal.

*Snively* and *Balph* hold that in a proceeding for support, a court is not bound by a support agreement between the parents which provides that the responsible parent must pay an amount for child support which is inadequate to support the child appropriately. The Superior Court explained the reasons for this policy as follows:

" '[A] support proceeding is not an action brought to enforce the performance of a contractual obligation. It is a quasi-criminal proceeding brought by the minor child in the name of the Commonwealth, though at the relation or on the information of the child's mother. The relationship of parent and child is a status—not a property right . . . and a mother cannot, by contract, bargain away the right of her minor child to adequate support, to the relief of the father, irrespective of the legality of the agreement between the parents themselves.' "

*Commonwealth ex rel. Snively v. Snively*, 206 Pa.Super. 278, 281, 212 A.2d 905, 906 (1965), quoting *Commonwealth ex rel. Rossi v. Rossi*, 161 Pa.Super. 86, 89, 53 A. 2d 887, 888 (1947) (omission in *Snively*). Surely this rationale does not apply where the responsible parent has agreed to pay an amount in support which is adequate, but now wishes to be relieved of what he considers to be a bad contractual bargain.

Although there is language in *Snively* that suggests that when, subsequent to the making of the agreement, the responsible parent's circumstances change due to factors beyond his control, and he is rendered unable to make the payments agreed upon, the court may relieve the parent of the duty to pay the full amount specified in

the agreement, there is nothing in the record to indicate that Victor's circumstances have changed.

Because Victor has failed to show any reason why the support agreement should not be enforced, I would reverse the order of the trial court, and grant specific performance.

MANDERINO, J., joins in this dissenting opinion.