395 A.2d 950

COMMONWEALTH of Pennsylvania ex rel. Kay B. MORGAN

v.

Thomas Newton CARLTON.

Appeal of Kay B. MORGAN.

Superior Court of Pennsylvania.

Submitted Sept. 15, 1978.

Decided Dec. 14, 1978.

---

Robert A. Freedberg, Easton, for appellant.

William F. Moran, Jr., Easton, for appellee.

Before VAN der VOORT, J., and WATKINS and MONT-GOMERY, Senior Judges.

MONTGOMERY, Judge:

The complainant-appellant, Kay B. Morgan, is presently the wife of Thomas E. Morgan and the former spouse of the defendant-appellee Thomas Newton Carlton.

Thomas Newton Carlton is presently the husband of Alice Morgan Carlton, the former wife of Thomas E. Morgan.

Thus, it is apparent the parties exchanged spouses by means of divorce and subsequent marriages.

During her marriage to Thomas N. Carlton, the complainant bore three children for whom she is seeking additional support from their father. These children reside with her and Mr. Morgan in Bethlehem, Pa. At the time the complaint was filed in May 1977, their ages were Stephen, 15, Mark, 13 and Todd 9. Their father, Mr. Carlton is now

living in Florida with Alice, the former Mrs. Morgan and her two children born during her marriage to Mr. Morgan. These Morgan children are Jeffrey, age 15 and Paula 13.

The defendant is a graduate of the University of Florida and has a masters degree in Business Administration from Lehigh University. However, at the time of the hearing in July, 1977, he and his present wife were operating a hardware and gift shop in Florida which had been purchased with funds derived from the sale of real estate in the vicinity of Bethlehem, Pa. At the time the business was purchased, a house in Florida was also purchased. The down payment on the house was $17,000.00 and the payments on the mortgage were $239.00 per month. The business cost $115,000.00 of which $40,000.00 was paid in cash and the remaining $75,000.00 is still owing. In addition, he acknowledges an additional $12,000.00 in liquid assets. Control of the business was taken as of August 1, 1977. The defendant withdraws from the business $245.49 weekly, but this is subject to withholding and social security taxes. It is not expected that the business will show a profit the first year, although it provided the prior owner a net income of $20,-400.00 for 1974, $19,900.00 for 1975 and $17,900.00 for 1976. Mrs. Carlton works in the store without compensation, but receives $90.00 per week from Mr. Morgan for support of their two children; and for the three years preceding the hearing had received $10,000.00 per year from him under a separation agreement.

The defendant and the complainant also had previously entered into a separation agreement whereby the defendant had agreed to pay $345.00 per month, with an escalation clause as the cost of living changes, for the support of his three children.

The complainant is employed part time in hospital work making $100.00 per week. Her present husband is a contractor whose adjusted net income for 1970 was $30,617.00 of which $18,430.00 was derived from salary.

After hearing, the lower court awarded complainant $60.00 per week for the three children and $5.00 per week on

arrearages from July 7, 1977, from which order this appeal was taken.

The needs of the children are not questioned. Appellant's main, if not only contention, is the award is not adequate in light of the defendant's earning potential as evidenced by his prior earning record of $25,000.00 per year, his experience as an executive and his M.B.A. degree. The secondary issue is that it reduced the amount for which the defendant obligated himself under the separation agreement, i. e. $345.00 per month.

It would appear to be settled that a court may refuse to enforce a settlement agreement entered into between parents for the support of their children and may relieve a responsible parent when, subsequent to the making of the agreement, his circumstances change due to factors beyond his control. *Bria v. Bria*, 464 Pa. 247, 346 A.2d 542 (1975), *Commonwealth ex rel. Balph v. Balph*, 210 Pa.Super. 244, 232 A.2d 76 (1967), *Commonwealth ex rel. Snively v. Snively*, 206 Pa.Super. 278, 212 A.2d 905 (1965). This brings us to the crux of this case. Did this defendant's circumstances change by reason of factors beyond his control? The lower court found it did, but our examination of the record leads us to a contrary conclusion.

This defendant left a position paying him $25,000.00 per year with the Bethlehem Steel Company after 16 years, to start a business with which he was inexperienced, and in a location where he was unknown and from which according to his own statement, he could not expect to make a profit for a year because

(T44 a) "Well, I'll say the major reason for moving out of this area, when the job situation dried up at the Steel, was to escape the harrassment these two folks sitting in front of me out here—both directly and through our children . ."

Although the lower court stated he left his employment with Bethlehem Corporation amidst rumors of cutbacks and

that later developments showed that his job was in fact eliminated, the record does not support this statement. On the contrary, he was not interested in employment in the vicinity of Bethlehem and thought it was the proper time to move to Florida.

It clearly appears from our reading of this record that his reason for moving to Florida was his dissatisfaction with the problems confronting him after his divorce from the complainant and his remarriage. These are hardly things beyond his control as contemplated by the case previously cited. As Judge Watkins, now Senior Judge, said in *Snively*, "The change of circumstances in this case that affects his earnings and earning power was brought about by the voluntary act of the appellant. His praiseworthy ambition to obtain an education, which may well work to the eventual advantage of his child, cannot be realized at the expense of his obligation to support the child, and . . . he cannot 'arrogate unto himself the conditions upon which he will support this child.'" The same may be said in the present case.

Although we are not inclined to interfere with the exercise of a lower court's discretion in such matters, and therefore will not review the record for the purpose of deciding what an appropriate order should be, we do hold that the changed circumstances present here were not due to factors beyond the control of the defendant. The lower court was, therefore, in error in ignoring the agreement by which the defendant obligated himself to pay $345.00 per month for the support of his three children and ordering him to pay less.

The order of the lower court is therefore modified to provide for a monthly payment to the complainant in the amount of $345.00 provided by the agreement, and in addition, defendant shall pay $15.00 per month on account of any arrearages that have accumulated thereunder and remain unpaid.