442 A.2d 1112

**Regina GUERIN, Appellant,**

v.

**Robert F. GUERIN.**

Superior Court of Pennsylvania.

Argued Jan. 26, 1981.

Filed March 19, 1982.

Ralph M. Evans, Philadelphia, for appellant.

Timothy J. Savage, Philadelphia, for appellee.

Before CAVANAUGH, JOHNSON and LIPEZ, JJ.

LIPEZ, Judge:

This is an assumpsit action by plaintiff Regina Guerin to enforce a private support agreement by which defendant Robert Guerin agreed to pay Regina $160 per week support for their minor children. The agreement was executed in December, 1974, following the parties' divorce the previous month. At the time the agreement was executed, Robert had already been paying $160 per week support for about six months. These payments were pursuant to a support order entered by agreement of the parties in the domestic relations branch of the family court division of common pleas court in July, 1974.

In February, 1975, Robert petitioned the domestic relations branch to reduce the amount of the support order because of a change of circumstances. Judge Rosenberg reduced the amount of the support order to $125. When Robert reduced his weekly payments to $125, Regina brought this assumpsit action in the trial division of common pleas court, to enforce the December, 1974 private agreement for $160 per week. The court below transferred the matter to the family court division, reasoning that it belonged there because it involved support. The administrative judge of the family court division then granted Robert's motion for nonsuit and dismissed the complaint, and Regina took this appeal.

The opinion of the court below relies on *Bria v. Bria*, 464 Pa. 247, 346 A.2d 542 (1975), *Commonwealth ex rel. Balph v. Balph*, 210 Pa.Super.Ct. 244, 232 A.2d 76 (1967), and *Commonwealth ex rel. Snively v. Snively*, 206 Pa.Super.Ct. 278, 212 A.2d 905 (1965) for the proposition that a court may refuse to enforce a private support agreement if a party has a change of circumstances resulting from factors beyond his control. The court reasoned that this appeared to be what Judge Rosenberg had done in reducing the court-ordered support to $125 per week. Since that order had not been appealed, the court below held it was res judicata, and entered the nonsuit. In this appeal, Regina argues: (1) that the cases on which the lower court relied for its holding concerning nonenforceability of the private support agreement are factually distinguishable from this case; and (2) that Judge Rosenberg's determination was not res judicata, as the private agreement could not be raised before him, but had to be enforced by bringing this separate action. We agree with both arguments.

The facts here are essentially similar to those in *Brown v. Hall*, 495 Pa. 635, 435 A.2d 859 (1981). In that case,[1] both a court order and a separate private agreement required the husband to pay $90 per week support. The

1. This is a simplified version of facts and procedure fully set forth in 495 Pa. at 636, 435 A.2d at 860.

husband petitioned for a reduction in the amount of court-ordered support, and the support court ordered a reduction. Later, the wife brought a separate action in equity to enforce the private agreement for $90 per week, and the chancellor ordered enforcement. The Supreme Court held that the chancellor was correct, stating:

In the absence of an uncounseled, one-sided bargain as in *Bria [v. Bria,* 95 Dauph. 358 (1973), *aff'd per curiam,* 464 Pa. 247, 346 A.2d 542 (1975)], and where no one argues that $90 per week is *inadequate* to support the children, we must enforce the parties' intention as mutually expressed in the separation agreement.

*Brown v. Hall, supra,* 495 Pa. at 643, 435 A.2d at 863 (emphasis in original; footnote omitted).

This describes precisely the case before us. There is no uncounseled, one-sided agreement as in *Bria,*[2] the first case relied on by the court below. There is no argument that the amount of support set in the private agreement is inadequate to support the children, as in *Balph* and *Snively,* the other two cases cited by the lower court. *Brown v. Hall, supra,* 495 Pa. at 643 & nn. 10–11, 435 A.2d at 863 & nn. 10–11, therefore compels the conclusion that the private support agreement here is enforceable.

It is also clear that Judge Rosenberg's order lowering court-ordered support was not res judicata of the issue of enforceability of the private agreement, because that issue could not be raised before Judge Rosenberg. As Judge Spaeth recently observed in a concurring statement for the majority of a panel of this court:

Until and unless the terms of a private agreement have been embodied in a court order, however entered, whether

2. *Brown v. Hall,* 495 Pa. 635, 643, 435 A.2d 859, 863 (1981) further distinguished *Bria* on the ground that "in *Bria* the contract was entered into *before* the wife sought the support order." (Emphasis in original.) *Brown* therefore opined that the *Bria* court might have concluded that the wife was in effect repudiating the contract by seeking the court's order of support, whereas in *Brown,* the support order came before the contract and the wife had never sought to modify the court-ordered support. In this respect, the case before us is identical to *Brown,* and thus distinguishable from *Bria.*

by consent or not, the holding of *Commonwealth ex rel. Jones v. Jones*, 216 Pa.Superior Ct. 1, 260 A.2d 809 (1969), is clear: a private support agreement that has not been entered as a court order may not be enforced as a support order but may only be the subject of a law suit, like any other private agreement.

*Commonwealth ex rel. Durso v. Durso*, 292 Pa.Super.Ct. 94, 99–100, 436 A.2d 1021, 1024 (1981) (concurring statement by Spaeth, J., joined by Cavanaugh, J.). The correctness of Judge Spaeth's conclusion for the majority in *Durso*[3] is implicit in *Brown v. Hall, supra,* since the Court there held the private agreement enforceable in an action[4] separate from the proceeding in which the amount of court-ordered

**3.** Dicta in the *Durso* lead opinion, which the majority of the panel explicitly refused to join, implied that the issue of whether a private support agreement had to be enforced by a separate lawsuit was identical with the issue of whether the family division had jurisdiction to enforce the private agreement. This is not correct, since each division of a court of common pleas is vested with the full jurisdiction of the whole court. 42 Pa.C.S. § 952. Therefore any division would have jurisdiction of the assumpsit action brought here by Regina, regardless of whether it was the division to which this type of case had been administratively assigned.

Moreover, under Philadelphia Court of Common Pleas General Regulation 73–1 (effective February 26, 1973), "all cases involving disputes between husband and wife arising out of the marriage relationship" are to be tried in the family court division. This case was thus properly sent to the family court division for trial as an assumpsit matter. This does not mean, as the *Durso* lead opinion suggests, that a private support agreement is enforceable under the Civil Procedural Support Law as if it were embodied in a court order. The procedures for court-ordered support matters, which in Philadelphia are assigned to the domestic relations branch of the family court division, remain inapplicable to private support agreements, unless the agreement specifies that it may be enforced in the same way as a support order entered by the court. *See* Pa.R.C.P. 1910.1(b)(1)(c), 11 Pa.Bull. 1625 (1981). While Regina's complaint in assumpsit will be assigned to a family court division judge, it will be tried in the same way as any other assumpsit matter.

**4.** It makes no difference that the separate action in *Brown* was in equity, while here it is in assumpsit. The possible objections to enforceability in equity are identical to those in assumpsit, except that equity poses the additional question of the legal remedy. Since *Brown* held the agreement enforceable in equity, *a fortiori* it is enforceable in assumpsit.

support had been lowered. This case must therefore be remanded for trial in assumpsit.

Order reversed, nonsuit removed, complaint reinstated, and case remanded for further proceedings.