## Sladek v. Sladek

*Kenneth R. Williams*, for plaintiff.
*Ward F. Clark*, for defendant.

MIMS, *J.*, March 3, 1983—This matter is before the court on a petition filed by Dolores Ann Sladek for special relief pursuant to §401 of the Pennsylvania Divorce Code, against Robin L. Sladek, requesting inter alia, the enforcement of this court's decree of April 27, 1982 and the property settlement agreement incorporated therein.

After hearing we enter the following

## FINDINGS OF FACT

1. Plaintiff is an adult individual residing in Lahaska, Bucks County, Pa.

2. Defendant is an adult individual residing in Newtown, Bucks County, Pa.

3. On February 3, 1982, plaintiff and defendant executed a property settlement agreement, in which they agreed among other matters that:

(a) defendant was to provide child support in the sum of $600 per month, to be allocated as support for each of the parties' three children, in equal sums of $200 each;

(b) defendant was to provide alimony to plaintiff in the sum of $250 per month, for a period of 18 months;

(c) defendant was to pay all the monthly mortgage payments, taxes, insurance and utilities on the real estate known as 21 Woods End Drive, R.D. #2, Doylestown, Pennsylvania, for a period of six months following the execution of the agreement;

(d) defendant was to maintain major medical insurance and full Blue Cross and Blue Shield coverage for the parties' children, and to pay or reimburse plaintiff for medical and/or dental expenses accrued or paid on behalf of the parties' children;

(e) defendant was to maintain a policy or policies of life insurance in the minimum amount of $100,000 for the benefit of the parties' children;

(f) defendant was to assume responsibility for certain outstanding marital obligations, including a debt of approximately $600 due Credit Thrift.

4. The parties intended and agreed that the agreement be incorporated into an anticipated divorce decree, and that no merger of the contractual rights, duties or remedies arising under the agreement shall occur by reason of the incorporation.

5. The parties intended and agreed that if any court should modify the child support provisions therein, in accordance with the law, the contractual remedies for recovery of all sums due prior to the effective date of said order will survive the order modifying the amount to be paid as child support.

6. The parties intended and agreed that no modification of any of the terms of the agreement shall be valid unless in writing and executed by the parties.

7. The parties intended and agreed to be bound by the terms and provisions of the agreement.

8. A final decree in divorce was entered on April

27, 1982, incorporating the property settlement agreement executed by the parties on February 3, 1982.

9. Defendant, Robin L. Sladek, has not performed in accordance with the terms and conditions of the agreement. As of January 11, 1983, there was an arrearage of $11,383.67.

10. Defendant, alleging a change in circumstances, petitioned this court on November 15, 1982 to reduce and modify the terms and provisions of the parties' agreement and forgive outstanding arrears.

11. Evidentiary hearings were held on plaintiff's and defendant's petitions on November 16, 1983 and January 11, 1983.

12. Defendant became unemployed on March 19, 1983 and did not regain employment until July 6, 1982. On July 6, 1982, he obtained employment with Pitney-Bowes at a net pay of $576 bi-monthly (with 24 pay periods in a year), which was 50 percent of what he was earning on February 3, 1982, when he executed the agreement. He was employed with Pitney-Bowes until November 29, 1982. He was briefly employed with Am Toy in December, 1982, and received $1,400 in compensation. Defendant was unemployed at the time of the hearing.

13. Reduced payments totaling $1,440 were made in January, February, March and November, 1982, towards the child support obligation of $600 per month.

14. It is stipulated that on or about October 15, 1982, defendant paid to plaintiff the proceeds of an I.R.S. refund check in the amount of $4,400; defendant was credited in the amount of $2,200 representing one-half of the refund.

15. Under Art. III A of the agreement, defendant conveyed all of his right, title and interest in the marital property to plaintiff. Plaintiff, a licensed real estate agent, sold the property on May 17, 1982. She received net proceeds from the sale in the amount of $42,741.50, and $1,600 representing a percentage of the real estate commission on the sale of the property.

## DISCUSSION

At issue here is whether this court may properly modify the terms of a property settlement agreement incorporated into a final decree of this court, when the property settlement agreement specifically provides that no merger of the contractual rights, duties or remedies arising under the agreement shall occur by reason of the incorporation of the agreement into any decree of divorce, and that no modification of any terms of the agreement shall be valid unless in writing and executed by the parties.

This court retains continuing jurisdiction of the terms and provisions of the property settlement agreement incorporated into the final decree of divorce. Section 301 of the Pennsylvania Divorce Code provides:

Section 301. Jurisdiction.

(a) The courts of this Commonwealth . . . shall have original jurisdiction in cases of divorce . . . and . . . shall determine in conjunction with any decree granting a divorce . . . the following matters, where raised in the complaint . . . and issue appropriate decrees or orders with reference thereto and may retain continuing jurisdiction thereof:

(1) The determination and disposition of property rights and interests between spouses, including any rights created by any . . . separation agreement . . . any accounting between them, and the order of any alimony . . . Act of April, 1980, P.L. 63, 23 P.S. §301.

Separation agreements between husband and wife are valid and will be specifically enforced if they are entered into without fraud or coercion, are reasonable, and have been carried into effect in good faith. Oliveri v. Oliveri, 242 Pa. Super. 457, 364 A. 2d 361 (1976).

The agreement appears to be an arms-length transaction which was executed by the parties in the absence of coercion, duress or undue influence. Article XII of the agreement acknowledges that the parties entered into the agreement voluntarily and upon full consideration of its provisions. The parties were represented by independent counsel. We are satisfied that the agreement between plaintiff and defendant, made in contemplation of divorce and covering all aspects of their economic relationship, is a valid and subsisting agreement.

With respect to the order of child support, defendant seeks to suspend all payments from March 19, 1982 to July 6, 1982 and thereafter reduce said order to $300 per month. He further requests that child support arrears be reduced by $3,485.

Prior to Brown v. Hall, 495 Pa. 635, 435 A. 2d 859 (1981), and its progeny Guerin v. Guerin, 296 Pa. Super. 400, 442 A. 2d 1112 (1982), it was the well established rule in Pennsylvania that any order of support was always subject to a modification if a party has a change of circumstances. Wright v. Wright, 6 D. & C. 3d 115 (1978), Hecht v. Hecht, 189 Pa. Super. 276, 150 A. 2d 139 (1959). Consis-

tent with that rule, parties could not, by agreement, bargain away or fix the right of their children to adequate support. Brown v. Hall, supra, at 643 n. 11, 435 A. 2d at 863, n.11.

The principle that the parties to a divorce cannot restrict the court's power to modify a support order, as facts, circumstances and justice may require, was recognized in Brown v. Hall as well as in Article VII of the agreement between plaintiff and defendant.

Brown v. Hall modified the foregoing rule in holding that where a property settlement agreement has not been merged into a divorce decree, there remains a continuing liability between the parties for their contractual obligations. At issue in Brown v. Hall was whether a child support provision of a separation agreement is enforceable in equity despite the fact that a later court order was entered in an independent action for support in which the husband was ordered to pay a lesser amount. The Pennsylvania Supreme Court found sufficient evidence to support the Chancellor's findings, affirmed the Superior Court's order granting specific performance of the agreement's provision for child support, and vacated the Superior Court order directing the husband to pay a lesser amount. The holding in Brown v. Hall was cited with approval in Guerin v. Guerin, supra:

In the absence of an uncounseled, one-sided bargain as in Bria [v. Bria, 95 Dauph. 358 (1973), aff'd per curiam, 464 Pa. 247, 346 A. 2d 542 (1975)], and where no one agrees that $90 per week is *inadequate* to support the children, we must enforce the parties' intention as mutually expressed in the separation agreement. Brown v. Hall, supra at 643,

435 A. 2d at 863 (Emphasis in original; footnote omitted.) Id. at 1113.

In a separation agreement, the intent of the parties is the writing itself, and when the words are clear and unambiguous, the intent is to be determined only from the express language of the agreement. When the terms are clear, the court will not rewrite the agreement or give it a construction in conflict with the accepted and plan meaning of the language used. Litwack v. Litwack, 289 Pa. Super. 405, 433 A. 2d 514 (1981); and cases cited therein.

Though this court may have continuing jurisdiction over the decree and the property settlement agreement incorporated therein, we are not empowered to modify or terminate the provisions of a private contract or in any way rewrite the terms therein.

Article VII states the intention of the parties not to merge the contract rights, duties and remedies arising under the agreement into the divorce decree. It clearly states that incorporation of the agreement into the decree is for the purpose of additional rights of enforcement, and that all contract rights and remedies *shall survive* the incorporation of this agreement into the decree of divorce.

The effect of granting defendant's request to reduce and modify the order of support, and forgive outstanding arrears, would be a total disregard for the obligations which resulted from the parties' agreement. We cannot allow a party to make promises conditional upon receiving a divorce, knowing he or she will not be bound by those promises when circumstances change.

Based on the holding in Brown v. Hall, and on the

parties' intention mutually expressed in Article VII of the agreement, we are compelled to enforce the child support provision and all other terms and provisions of the agreement, and direct defendant to remit outstanding arrears.

The general rule is that in comtempt proceedings the burden is on the complaining party to prove noncompliance by a preponderance of the evidence, but that present inability to comply is an affirmative defense which must be proved by the alleged contemnor. Barrett v. Barrett, 470 Pa. 253, 368 A. 2d 616 (1977).

The evidence is clear that defendant is presently unable to perform in accordance with the terms and provisions of the agreement, and order of this court, and that his failure to comply is not willful. Accordingly, we do not find defendant in civil contempt of this court at this time.

Plaintiff's request for payment of counsel fees and expenses for this proceeding is denied. Each party shall bear their own costs.

## CONCLUSIONS OF LAW

1. The court has jurisdiction over the parties and the subject matter.

2. The agreement executed by plaintiff and defendant on February 3, 1982, is a valid and subsisting agreement.

3. The parties intended and agreed that all contractual rights and remedies, at law or in equity, for damages or the specific performance of the agreement, would survive the incorporation of the agreement into the decree of divorce.

4. Defendant has not performed in accordance

with the terms and provisions of the parties' agreement of February 3, 1982 and this court's decree and order of April 27, 1982.

5. The court has no authority to modify the terms and provisions of the agreement.

6. The amount of $600 per month to be allocated as support for each of the parties' three children is adequate support.

7. Defendant should be ordered and directed to comply in all respects with the terms and provisions of the agreement.

8. Defendant is not in contempt of court at this time.

## DECREE NISI

And now, March 3, 1983, it is hereby ordered that:

1. Defendant, Robin L. Sladek comply with the terms and provisions of the agreement executed on February 3, 1982 requiring him to pay to plaintiff, Dolores Ann Sladek, the monthly sums of $250 as alimony and $600 as support for each of the parties' children.

2. Defendant, Robin L. Sladek comply with all other terms and provisions of the agreement.

3. Defendant pay an additional $100 per month toward the arrearages until they are paid in full.

4. That defendant's petition to reduce and modify the support order and forgive outstanding arrears be denied and dismissed.

If no exceptions are filed within ten days from notice of this decree nisi to counsel of record, this decree nisi shall be entered by the prothonotary on praecipe as the final decree.