## Paddock v. Paddock

*Judith L. White,* for plaintiff.
*John F. Pyfer,* for defendant.

HUMMER, J., July 9, 1985—

## FACTS AND PROCEDURAL HISTORY

Presently before the court is a motion for judgment on the pleadings filed by Joyce L. Paddock, plaintiff in the above-captioned equity matter.

The complaint in this matter, filed on September 24, 1984, requested enforcement of a "separation agreement" signed by the parties. This section contained the following provisions:

"4. Support and Alimony:

"a. Husband agrees to pay to wife the amount of $100 per week for the support of Matthew Paddock. Husband agrees further to pay for support of Matthew Paddock an amount equal to 25 percent of husband's taxable income in excess of husband's current yearly net income plus $1,000. Husband shall inform wife immediately of any increase in his yearly salary to the above-specified level and forthwith pay to her 1/52 of the yearly increase per week.

"b. For purposes of this agreement, taxable income is to consist of all income from whatever source exclusive of capital gains or capital losses, plus bona fide deductions under the IRS Code except that no deductions shall be made for support payments to wife." The separation agreement was neither incorporated nor merged into the divorce

decree. Therefore, it did not become an order of court and stood apart from the divorce decree as a separate contract signed by the parties.

In her complaint requesting enforcement of the separation agreement, plaintiff alleged that defendant had paid a sum pursuant to the agreement of $228.25 every two weeks from the time of separation until July 1, 1984. According to plaintiff, on July 1, 1984 defendant unilaterally reduced his support payments to $75 every two weeks.

In her prayer for relief, plaintiff requested, inter alia, specific relief, requesting that defendant be directed to pay her $228.25 every two weeks for the period of time from July 1, 1984 until the hearing, with appropriate credits given for the support paid by defendant in the interim. Plaintiff also sought an order directing defendant to pay child support pursuant to the formula contained in the separation agreement until Matthew Paddock, the parties' child and the subject of the agreement, reaches age 18.

Defendant, Donald L. Paddock, filed an answer to the complaint, admitting all of plaintiff's allegations, but also averring in new matter that defendant's circumstances have changed since the February 1981 signing of the separation agreement. Defendant claimed that he has remarried and has two children, and that, in addition to his expenses increasing, his income has decreased. Defendant also averred that plaintiff's circumstances had changed as well, stating that, since the signing of the separation agreement, plaintiff became employed and began cohabiting with an employed adult male. Defendant further averred that the present matter was the second action filed by plaintiff relative to the separation agreement and claimed that plaintiff's suits against him "are vexatious and an attempt to harass defen-

dant," and requested that he be awarded attorney's fees in this matter.

In response to defendant's new matter, plaintiff filed a reply, admitting that defendant remarried in 1981, but alleging that defendant had no duty of support to the two children residing in his home, as these are his stepchildren, not his children. Plaintiff averred that she is without information as to defendant's alleged reduced income. Plaintiff also admitted that her circumstances have changed since the separation agreement was signed, as plaintiff has procured employment. Plaintiff denied defendant's allegation that plaintiff is residing with an adult male, averring that she resides with the parties' son, and no one else. Finally, plaintiff states, and the court partially agrees with this argument, that the parties' changes of circumstance are irrelevant to the question of enforcement of the separation agreement.[1]

Plaintiff further denied defendant's allegations that the suits plaintiff brought to enforce provisions of the separation agreement are vexatious or harassment, noting that both suits were brought because defendant refused to comply with the separation agreement, and emphasizing that defendant admitted that he stopped paying the stipulated amount of child support, and thus violated the agreement in July 1984.

## ISSUES AND DISCUSSION

The simplest issue, thus the issue which will first be addressed, is whether plaintiff's suit requesting

---

1. The agreement provides for a sliding scale child support payment based on defendant's income. Accordingly, defendant's increase or decrease of income is the only "change of circumstance" relevant to this action.

enforcement of the separation agreement is "vexatious" and "an attempt to harass defendant" such that an award of counsel fees should be entered. As defendant has admitted that the parties signed the separation agreement with which he now refuses to comply, it is clear that plaintiff's attempt to enforce the separation agreement as signed by the parties is not harassment or vexatious conduct. Accordingly, defendant's request that plaintiff be responsible for his attorney's fees will be denied.

The principal issue is whether this court can modify a child-support agreement signed by both parties, when the agreement has been neither incorporated nor merged into a divorce decree.

Plaintiff submits that the separation agreement is enforceable in a court of equity, basing her argument on Millstein v. Millstein, 311 Pa. Super. 495, 457 A.2d 1291 (1983). In Millstein, defendant ex-husband had agreed, in writing, to pay $120 per week for child support. He filed a petition to reduce the amount, pleading a change of circumstances and an inability to pay the stipulated amount. The Superior Court affirmed the lower court's order directing Mr. Millstein to pay the stipulated amount, finding that he was bound by the agreement.

In so holding, the court noted with approval the language of the Pennsylvania Supreme Court's decision in Brown v. Hall, 495 Pa. 635, 435 A.2d 859 (1981), which stated:

"A holding to the contrary would serve to illegitimize future separation agreements and encourage a party to promise anything to obtain a divorce, knowing he will never be bound by it, even when the promise is in writing and for valid consideration. Needless to say, such a holding would also serve to shake the very foundation of contract law and the sanctity of a bargain made between parties

dealing at arm's length." Id. at 643-44, 435 A.2d 863.

While it has been recognized that a child-support agreement will not preclude a judicial increase of inadequate child support, Millstein, supra, 311 Pa. Super. at 500, 457 A.2d at 1293-94; an attempted reduction in a stipulated child-support obligation brings forth a different set of factors and concerns.

Defendant argues, based on Com. ex rel. Tokach v. Tokach, 326 Pa. Super. 359, 474 A.2d 41 (1984), and a few other cases, that this court should refuse to enforce the child-support provision in the parties' separation agreement. However, a careful review of the language and circumstances in Tokach suggests that it should be narrowly interpreted.

In Tokach, a separation agreement was signed by the parties which was subsequently incorporated into their divorce decree. Mr. Tokach then came into court, alleging that his circumstances had changed and requesting that the agreed amount of child support be lowered. The Tokach court found that the separation agreement, when it was incorporated into the decree, merged with the decree and determined that as part of a court ordered divorce decree, the child-support provision of the agreement was modifiable.

Language in the Tokach decision indicates that it is not applicable to the situation presently before the court. The Tokach court discussed both Brown v. Hall, supra, and Millstein v. Millstein, supra, and noted:

"[T]hese two decisions are distinguishable from the case before us. Both Brown and Millstein involved agreements which had not been incorporated into any order of the court and were, therefore, separate contractual agreements. In the instant case the agreement was expressly incorporated into

the divorce decree . . . ." Tokach, 326 Pa. at 361, 474 A.2d at 42.

Defendant also relies on Bria v. Bria, 464 Pa. 247, 346 A.2d 542 (1975), and Guerin v. Guerin, 296 Pa. Super. 400, 442 A.2d 1112 (1982). However, these cases, according to the Millstein court, no longer represent good law. Millstein v. Millstein, 311 Pa. Super. at 503, 457 A.2d at 1295.

As defendant has admitted that he executed a Separation agreement with which he has failed to comply, and as the Millstein case clearly applies to the case at bar, partial judgment on the pleadings is granted. See Poole v. Great American Insurance Company, 407 Pa. 652, 182 A.2d 509 (1962). The separation agreement signed by the parties will be enforced according to its terms. There is, however, a factual issue remaining which prevents the court from granting judgment on the pleadings in full.

Plaintiff has requested that defendant be directed to pay $228.25 biweekly, which is the amount defendant previously paid under the agreement. Defendant alleges that since the signing of the agreement, his income has been reduced. As the agreement contains a formula which determines the support amount based on defendant's income, a hearing must be held to redetermine the amount defendant owes, pursuant to the agreement, from July 1, 1984 to the present. The question of defendant's *income* as defined by the agreement, is the only issue which will be addressed; other circumstances alleged by defendant are not discussed in the agreement, and, accordingly, will not be heard by the court.

At the time of the hearing, the court will apply the formula contained in the agreement to determine the child support that defendant is obligated to pay for the period running from July 1, 1984 to present.

Credits will be given for the sums already paid by defendant during this time. A hearing will be scheduled to address the narrow issue of defendant's obligation pursuant to the agreement; defendant is directed to bring to the hearing documentary proof[2] of his income from July 1, 1984 to the present.

Defendant is also directed to henceforth comply with the terms of the separation agreement until the child, Matthew Paddock, reaches the age of majority or is emancipated.

## ORDER

And now, this July 9, 1985, upon consideration of plaintiff's motion for judgment on the pleadings, defendant's answer and new matter, plaintiff's reply to new matter, and the briefs filed by both parties, the court orders the following:

(1) Defendant is directed to henceforth comply with the terms of the separation agreement as set forth in sections 4a and 4b.

(2) A hearing, limited to a determination of defendant's income from July 1, 1984 to present as defined by sections 4a and 4b of the separation agreement, is scheduled for Tuesday, August 27, 1985, at 9:00 a.m. in Court Room no. 3 of the Lancaster County Court House, Lancaster, Pa. Defendant is directed to bring documentary proof of his income from July 1, 1984 to present to the hearing.

(3) The order will direct compliance with the separation agreement retroactive to July 1, 1984, giving defendant credit for the $75 biweekly payments he has made since that date.

---

2. Documentary proof includes pay stubs, wage slips, and W2 forms.