## Lake Adventure Community Association v. Anderson

C.P. of Pike County, no. 581—1994—Civil.

*Thomas V. Casale and John H. Klemeyer,* for plaintiffs.
*James V. Fareri,* for defendants.

THOMSON, *P.J.,* April 4, 1996—This case involves the interpretation of covenants and local ordinances created by the plaintiffs. The covenants and local ordinances restrict the use of certain lots to camping. The plaintiffs assert that the defendants have been using their campsite in violation of the covenants and ordinances. On December 4, 1995 we held hearing and argument on the matter. The findings of fact are adopted, in part, from the stipulation of agreed upon facts submitted by the parties on December 4, 1995.

## FINDINGS OF FACT

(1) Plaintiff Lake Adventure Community Association is a Pennsylvania nonprofit corporation.

(2) Plaintiff Dingman Township is a Pennsylvania municipal corporation located in Pike County, Pennsylvania.

(3) Defendants George C. Anderson and Marcella J. Anderson are adult individuals.

(4) Association is the association of property owners formed pursuant to deed restrictions regarding the Lake Adventure subdivision in Dingman Township, Pike County, Pennsylvania.

(5) The defendants are owners of lot 1362 at Lake Adventure by virtue of a deed dated December 2, 1979 and recorded in deed book volume 697, page 55 in the Pike County Recorder of Deeds Office.

(6) The deed refers to a declaration of covenants, conditions and restrictions applicable to all lots in the Lake Adventure subdivision.

(7) The declaration has not been modified or amended since its effective date of February 25, 1977.

(8) Pursuant to the declaration, a lot owner may not locate a recreational vehicle upon or make improvements to such lot unless approval of Association is obtained.

(9) Pursuant to section IV, paragraphs 4.1(b) and (c) of the declaration, the defendants made applications to Association to locate recreational vehicles upon and improvements to lot 1362.

(10) Section 3.1 of the declaration states:

"Unless otherwise provided in this declaration, campsites shall only be used for camping purposes. Owners of campsites may place their own recreational vehicles or tents on any related facilities as may be approved by the committee. Exceptions may be approved by the committee. No improvement or any mobile home designed for permanent occupancy may be erected or placed on any campsite. All recreational vehicles in the development shall be maintained in a transportable condition at all times.

"No campsite shall be occupied for more than 12 consecutive months and no campsite shall be the primary and principal residence of the owner or any other occupant thereof, it being the express intention of the declarant that each campsite be used and occupied for camping and recreational purposes only by a single household. The committee may require any owner to remove a vehicle for a period of 24 hours, unless such

owner can establish a prior removal within the immediately preceding 12 months."

(11) Lake Adventure was approved as a "recreation subdivision" pursuant to article X of the Dingman Township Subdivision Ordinance in effect in 1976, the year the subdivision was approved.

(12) At all times material hereto, article X, section 1006, stated in pertinent part:

"Residential use of campsites: No campsite shall be used as a permanent residence."

(13) On March 15, 1994, article X, section 1006 was amended by the Dingman Township Board of Supervisors to read as follows:

"Residential use of campsites: No campsite shall be used as a permanent residence. For purposes of this subsection, permanent residential use shall be any other use than temporary camping and recreational use. The campsite shall not be used as the basis for establishing residency for voting, driver's license, attendance at local schools, filing state and local tax returns or other similar uses.

"(a) Violation of this subsection shall be enforceable by the township by filing a complaint in equity demanding the eviction of the offending party or parties from the campsite or the assessment of a civil penalty or both."

(14) The phrase "permanent residence" is not defined in the Dingman Township Subdivision Ordinance.

(15) The Dingman Township Subdivision Ordinance and Zoning Ordinance contain no provisions requiring a lot owner at an approved campsite, such as Lake

Adventure, to apply for zoning, building or any other permits prior to making any improvements of placing recreational vehicles upon campsite lots.

(16) The defendants did not apply for any permits, and were not issued any permits by Dingman Township.

(17) January 7, 1993, the defendants applied to Lake Adventure to locate upon lot 1362 an Estate brand trailer measuring 35′ by 8′.

(18) On January 20, 1993, said application was granted by Lake Adventure.

(19) The defendants' trailer is placed on lot 1362 on concrete blocks and screw-jacks. The bottom of the trailer is covered with vinyl skirting, for which a permit was applied for on February 1, 1993 and issued February 10, 1993.

(20) The lot also includes a 288 square foot wooden deck, shed, driveway, and lamppost, all of which were subject to permits obtained by defendants from Lake Adventure.

(21) Lake Adventure provides central sewer and water to lots in the subdivision. The defendants' trailer is hooked up to the central water and central sewer systems. Lake Adventure also provides electrical service and garbage pickup for each property. Fees for the same are included in the Lake Adventure dues structure.

(22) Lots at Lake Adventure have access to telephone service, through the telephone company at the lot owner's expense.

(23) Association never requested the defendants to remove their trailer from lot 1362 for 24 hours or any other time period.

(24) The defendants do not own or lease any other real property.

(25) The defendants completed an information sheet at the request of Association upon which they set forth their address as 5093 Lake Adventure, Milford, PA 18337 and telephone number as (717) 686-1147. The address is the address of the defendants' Lake Adventure property. The phone number is for the defendants' phone at their Lake Adventure trailer.

(26) The registration for the motor vehicles owned by the defendants lists an address of 5093 Lake Adventure, Milford, PA.

## CONCLUSIONS OF LAW

(1) Jurisdiction over this matter is transferred to the equity side of the Pike County Court of Common Pleas.

(2) Plaintiff Dingman Township has not complied with the Pennsylvania Municipalities Code.

(3) Plaintiff Dingman Township's motion for injunction is denied.

(4) The covenants at issue found in the declaration of covenants, conditions and restrictions of plaintiff Lake Adventure Community Association are clear and unambiguous.

(5) Plaintiff Association has satisfied all of the elements necessary to support the issuance of a preliminary mandatory injunction.

## DISCUSSION

The court is faced with a joint motion for injunction filed by the Township and Association on the civil side

of court. Before addressing the merits of this case, "we are compelled to note that jurisdiction of the court over the subject matter can be raised at any time by either of the parties or by the court on its own motion." *In re Estate of Cantor,* 424 Pa. Super. 24, 26-27, 621 A.2d 1021, 1022 (1993). (citations omitted) "Neither silence nor agreement of the parties will confer jurisdiction where it otherwise would not exist." *Id.* at 27, 621 A.2d at 1022. (citations omitted)

The *Cantor* court also stated that,

"Each division of a court of common pleas is vested with the full jurisdiction of the whole court. 42 Pa.C.S. §952; *Guerin v. Guerin,* 296 Pa. Super. 400, 404 n.3, 442 A.2d 1112, 1113 n.3 (1982). The proper remedy when a case has been brought in the wrong division of a multi-divisional common pleas court is not a dismissal, but rather, a transfer to the correct division. 42 Pa.C.S. §5103(c); *Commonwealth v. Wadzinski,* 485 Pa. 247, 254-55, 401 A.2d 1129, 1132 (1978); *Lucidore v. Novak,* 391 Pa. Super. 46, 49, 570 A.2d 93, 94 (1990). Thereafter, the matter should be treated as if it was originally filed in the transferred division on the date first filed in a court or magisterial district. 42 Pa.C.S. §5103(c); *Commonwealth v. Wadzinski, supra,* 485 Pa. at 255, 401 A.2d at 1132." *Id.* at 28, 621 A.2d at 1023.[1]

---

1. We note that Superior Court Judge Cirillo, who took part in the *Cantor* decision, wrote an opinion two years later in which he lamented the lack of a procedural mechanism which would allow a judge to transfer a matter from the civil to the equity side of court. See *Lustig v. Lustig,* 438 Pa. Super. 320, 323-24, 652 A.2d 393, 395 (1995). However, we find 42 Pa.C.S. §5103(c) and 42 Pa.R.C.P. §1032 allows such a transfer.

We also rely upon 42 Pa.R.C.P. 1032(b) which conforms to 42 Pa.C.S. §5103(c) and states, in pertinent part, that "[w]henever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter . . . , the court shall order that the action be transferred to a court of the Commonwealth which has jurisdiction . . . ."

It is a settled maxim of law that an injunction is an equitable remedy which must be sought in the equity court. Therefore, this matter is transferred to the equity side of the Pike County Court of Common Pleas. We now address the viability of each plaintiff's claim in turn.

## I. *Plaintiff Dingman Township*

Section 10617 of the Municipalities Code grants the township the power to institute proceedings for an injunction. See 53 Pa.C.S. §10617. However, before a township may institute such proceedings, and before a court may grant an injunction, the township must have complied with 53 Pa.C.S. §10616.1. *Township of Maidencreek v. Stutzman,* 164 Pa. Commw. 207, 211, 642 A.2d 600, 602 (1994); *Conewago Township v. Ladd,* 15 D.&C.4th 138, 139, 141-42 (1992). Under section 10616.1, a township "shall initiate enforcement proceedings by sending an enforcement notice as provided in this section."

In their brief, defendants assert that an enforcement notice was never issued. Exhibit C attached to plaintiffs' complaint appears to be an enforcement notice. This exhibit was neither offered into evidence at the hearing nor made a part of the stipulation of agreed upon facts.

Nevertheless, exhibit C does not state all of the six facts necessary to meet the minimum requirement of the statute. See 53 Pa.C.S. §10616.1(c)(l)-(6). Therefore, we deny plaintiff Dingman Township's motion for injunction since it has not met the mandatory notice requirements of the Municipalities Code.[2]

## II. *Plaintiff Lake Adventure Community Association*

Lake Adventure's motion for injunction essentially requests a preliminary mandatory injunction. A preliminary mandatory injunction is a remedy which commands the performance of some positive or affirmative act. *Roberts v. Board of Directors of the School District of Scranton,* 462 Pa. 464, 469, 341 A.2d 475, 478 (1975). Here, Lake Adventure seeks to have the defendants' trailer removed from their campsite.

A court may grant a preliminary injunction only where the moving party establishes the following elements: (1) that plaintiffs' right to relief is clear; (2) that the alleged wrong is manifest and the injunction is reasonably suited to abate it; (3) that the relief is necessary to prevent immediate and irreparable harm which cannot be compensated by damages; (4) that greater injury will occur from refusing the injunction than from granting it; and (5) that the injunction will restore the parties to the status quo as it existed immediately before the alleged wrongful conduct. *Lewis v. City of Harrisburg,*

2. Although it may be argued that defendants have waived this issue by failing to include it in their pleadings, the *Stutzman* case still prevents the issuance of an injunction in favor of the Township.

158 Pa. Commw. 318, 324, 631 A.2d 807, 809-810 (1993).

Petitioners seeking a mandatory injunction must present a stronger case than that required for a restraining-type injunction. *Roberts, supra* at 469-70, 341 A.2d at 478. The court "must exercise extreme care and act only in the clearest of circumstances." *Moore v. Mobil Oil Co.,* 331 Pa. Super. 241, 255, 480 A.2d 1012, 1019 (1984). A mandatory injunction will only be granted when the petitioner's right is clear. *Courier Times v. United Feature Syndicate Inc.,* 300 Pa. Super. 40, 52-53, 445 A.2d 1288, 1294-95 (1982).[3]

Defendants essentially offer three arguments against the granting of the Lake Adventure's motion for injunction. First, defendants argue that Lake Adventure has not shown the threat of irreparable harm. The courts of the Commonwealth have repeatedly held "that the right to enforce a restrictive covenant is absolute and not dependent upon proof that plaintiffs will suffer damage or harm as a result of the breach of the covenant." *Logston v. Penndale,* 394 Pa. Super. 393, 402, 576 A.2d 59, 63 (1990); see also, *Loeb v. Watkins,* 428 Pa. 480, 484-85, 240 A.2d 513, 516 (1968); *Grasso v. Thimons,* 384 Pa. Super. 593, 599 n.4, 559 A.2d 925, 928-29 n.4 (1989). Therefore, defendants' first argument is without merit.

---

3. There has been some confusion in the courts as to whether a petitioner must show that his right to relief is "clear" or "entirely clear." See *Courier Times, supra* at 53 n.8, 445 A.2d at 1294 n.8. We note that the word "clear" conveys an absolute quality which must remain unqualified if it is to retain its meaning. Finding the phrase "entirely clear" to be redundant, we state that the plaintiff must show a clear right to relief.

Second, defendants contend that the Lake Adventure's right to relief is not clear. We note that "[t]he problem in this case is simply one of reading the English language, and importing meaning, plus enforceability, to its simple and plain words." *Loeb, supra* at 482, 240 A.2d at 514.

It is the settled rule that "[a]n owner of property is still entitled in Pennsylvania to certain unalienable constitutional rights of liberty and property. These include the right to use his own home [or property] in any way he desires, *provided he does not* (1) violate any provision of the federal or state constitutions; or (2) create a nuisance; or (3) *violate any covenant, restriction* or easement; or (4) violate any laws of zoning or police regulations which are constitutional." *Parker v. Hough,* 420 Pa. 7, 11, 215 A.2d 667, 669 (1966). (emphasis in original)

A restrictive covenant is an agreement which restricts or regulates the use of real property. *Birchwood Lakes Community Association v. Comis,* 296 Pa. Super. 77, 83, 442 A.2d 304, 307 (1982). The covenant at hand restricts the use of land to camping.

The settled rules governing the construction of restrictive covenants state that, "restrictions on the use of land are not favored by the law because they are an interference with an owner's free and full enjoyment of his property; that nothing will be deemed a violation of a restriction that is not in plain disregard of its express words; that there are no implied rights arising from a restriction which the courts will recognize; that a restriction is not to be extended or enlarged by implication; that every restriction will be construed most

strictly against the grantor and every doubt and ambiguity in its language resolved in favor of the owner." *Parker, supra* at 11-12, 215 A.2d at 670, quoting *Jones v. Park Lane For Convalescents Inc.,* 384 Pa. 268, 271-72, 120 A.2d 535, 537 (1956).

Additionally, we note that "[w]hen construing a restrictive covenant contained in a contract, . . . the agreement must be interpreted as a whole with the ordinary meaning of language throughout the country given to the words of the contract." *Gralka v. Isaacson,* 383 Pa. Super. 244, 249, 556 A.2d 888, 891 (1989), citing *Pines Plaza Bowling Inc. v. Rossview,* 394 Pa. 124, 145 A.2d 672 (1958).

With these standards in mind we turn to the restriction at issue. The Lake Adventure's request for injunctive relief is based on section 3.1 of the Declaration of Restrictive Covenants. (See findings of fact no. 10.) The operative terms "permanent occupancy" and "primary and principal residence" are not defined in the declaration. Defendants argue that the undefined terms render the restriction ambiguous and therefore unenforceable.

We disagree. The restriction initially and clearly states that the campsites are to be used solely for camping. Interpreting the covenant with the ordinary meaning of words in mind, we find the restriction that "no campsite shall be the primary and permanent residence of the owner" to be clear and unambiguous. Therefore, defendants' claim is without merit.

The facts reveal that the defendants have been using their campsite as a primary and permanent residence. The defendants' trailer has been located on their lot

since January of 1993. The trailer is placed on concrete blocks and screw-jacks and is not in a transportable condition as required by the covenant. The registration of the defendants' motor vehicles lists the campsite as their address. In addition, when Lake Adventure requested information, the defendants provided the campsite as their home address.

In their third argument, defendants assert that the restriction is vague in that it does not state how long one must reside on a campsite before his or her status changes from camper to permanent resident. Defendants also argue that this court is prevented from fashioning an injunction since the restriction does not state what period of time an owner must remove himself from the site to return to the status of camper.

Defendants have remained on the campsite more than 12 consecutive months in direct violation of the restriction. Therefore, we need not reach the issue of whether a person who remains on the campsite less than 12 months has violated the restriction. In the court of equity, we may fashion an injunction reasonably suited to abate the manifest wrong of the defendants. *Lewis, supra* at 324, 631 A.2d at 809-810. Therefore, we reject defendants' arguments and grant Lake Adventure's motion for injunction.

Lake Adventure has requested the court to award reasonable costs, including attorney's fees, occasioned by this suit. The court may award costs and fees where the declaration of covenants permits the imposition of such costs and fees. *Wrenfield Homeowners Association v. DeYoung,* 410 Pa. Super. 621, 627-28, 600 A.2d 960, 963 (1991). Section 12.1 of the declaration permits

Lake Adventure to recover "reasonable expenses . . . including attorney's fees" when successful in a lawsuit. Therefore, we award Lake Adventure reasonable costs and attorney's fees resulting from this suit.

## ORDER

And now, April 3, 1996, upon consideration of the stipulation of agreed upon facts, findings of fact, conclusions of law, and briefs submitted by the parties and after hearing and argument, we hereby order as follows:

(1) The prothonotary of the Pike County Court of Common Pleas is hereby ordered to transfer this matter to the equity side of court and to assign an appropriate docket number to the matter.

(2) Plaintiff Dingman Township's motion for injunction is hereby denied.

(3) Plaintiff Lake Adventure Community Association's motion for injunction, which is in the form of a preliminary mandatory injunction, is hereby granted.

Accordingly, defendants George C. Anderson and Marcella J. Anderson, are hereby preliminarily enjoined from further use of the subject property as a primary and permanent residence. Defendants are also hereby ordered to abide by all the provisions of the declaration.

Furthermore, plaintiff Lake Adventure Community Association Inc. is hereby awarded reasonable costs and attorney's fees occasioned by the prosecution of this action.