IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Township of Robinson           :
                                    :
          v.                    :
                                      :
James M. Esposito,          :    No. 1399 C.D. 2018
          Appellant     :    Argued: May 7, 2019

BEFORE:   HONORABLE ANNE E. COVEY, Judge
                 HONORABLE CHRISTINE FIZZANO CANNON, Judge
                 HONORABLE ELLEN CEISLER, Judge

OPINION
BY JUDGE FIZZANO CANNON       FILED: May 31, 2019

James M. Esposito (Esposito) appeals from the September 18, 2018 order of the Court of Common Pleas of Allegheny County (Common Pleas) dismissing Esposito's appeal of a February 15, 2018 Magisterial District Court's verdict finding Esposito guilty of a criminal summary offense for alleged violations of the Township of Robinson's (Township) Zoning Ordinance (Zoning Ordinance). Upon review, we reverse Common Pleas' order.

Esposito is President of Capital Builders, Inc. (Capital Builders) and is a limited partner of E&R Partners, LP (E&R), Capital Builders' general partner. *See* Notes of Testimony, June 26, 2018 (N.T. 6/26/2018) at 5-6; Reproduced Record (R.R.) at 34a-35a. E&R is the record owner of an office building located at 5852 Steubenville Pike in McKees Rocks, Robinson Township, Pennsylvania (the Property). *Id.* On March 25, 2002, Township issued the Property a Certificate of Occupancy that listed the permitted occupancy as "OFFICE" within a C-2 zoning

district within the Township. *See* Certificate of Occupancy; R.R. at 107a. Per the Zoning Ordinance, Township zoning districts designated as "C-2 Community Commercial District" allow the use of properties therein as, *inter alia*, a "[b]ank, professional or medical office." *See* R.R. at 28a, 107a & 112a-113a. The Property houses both Capital Builders and Capital Realty & Funding Corporation (Capital Realty), a professional real estate business. *See* R.R. at 112a.

On October 31, 2017, Township's Solicitor (Solicitor) mailed a letter to Esposito (the October 31, 2017 Letter) explaining that the Township had learned that a business called The Counseling Initiative – Pittsburgh (TCI) was operating out of the Property's basement. *See* October 31, 2017 Letter; R.R. at 108a. The October 31, 2017 Letter explained that TCI's operation, without an occupancy permit, violated "the Ordinances of the Township of Robinson," and demanded that TCI cease and desist operation in the Property within 48 hours of Esposito's receipt of the October 31, 2017 Letter. *Id.* The October 31, 2017 Letter further cautioned Esposito that, if TCI's operation did not cease within the allotted 48 hours, "the Township [would] have no other recourse than to enforce the laws of the Township of Robinson[.]" *Id.*

Esposito's counsel responded to the October 31, 2017 Letter by letter dated November 2, 2017 (November 2, 2017 Letter). *See* November 2, 2017 Letter; R.R. at 110a-111a. The November 2, 2017 Letter characterized the alleged violations referenced in the October 31, 2017 Letter as "vague and unspecified ordinance violations" and accused Township of failing to comply with the enforcement procedures established and required by Pennsylvania law and Township's ordinances upon the discovery of an alleged ordinance violation. *Id.* at 110a.

Esposito's counsel spoke with Solicitor the following day, November 3, 2017, and thereafter sent to Township's Planning Director a letter (November 3, 2017 Letter) by which counsel intended to comply with Solicitor's suggestion that Esposito supply Township with a "Zoning Compliance Letter." *See* November 3, 2017 Letter; R.R. at 112a-114a. In the November 3, 2017 Letter, Esposito's counsel argued that the inclusion of TCI's counseling services on the Property did not constitute a change of use requiring new zoning and occupancy permits. *Id.* at 112a-113a.

On November 7, 2017, Solicitor sent another letter to Esposito's counsel (November 7, 2017 Letter), this time explaining that Township intended to immediately file citations against Esposito, E&R, and TCI under Article III – Administration and Enforcement – of Township's Code of Ordinances, Sections 300-16, 300-17, and 300-18.[1] *See* November 7, 2017 Letter; R.R. at 115a-145a. The November 7, 2017 Letter further advised that Esposito needed to apply for a new zoning permit and receive site plan approval from Township's Planning Commission regarding the operation of TCI within the Property. *Id.* at 116a.

On November 10, 2017, Township's Code Enforcement Officer filed a non-traffic criminal citation against Esposito for violation of Township "Municipal Code Violations, Chapter 300 Zoning Art. III" (Citation). *See* Citation; R.R. at 8a. On February 15, 2018, a Magisterial District Judge found Esposito guilty of the summary offense and imposed a $500.00 fine. *See* R.R. at 9a-11a.

On March 9, 2018, Solicitor sent a letter addressed directly to Capital Realty as "record owner" of the Property (March 9, 2018 Letter) demanding that

---

[1] The November 7, 2017 Letter included copies of the allegedly violated local ordinances. *See* November 7, 2017 Letter; R.R. at 115a-145a.

Capital Realty vacate the Property based on separate reasons concerning fire inspections and occupancy permits, and threatening the imposition of daily $500.00 fines based on the February 15, 2018 summary conviction. *See* March 9, 2018 Letter; R.R. at 146a-49a. The March 9, 2018 Letter stated that Capital Realty had the right to appeal to Township's Zoning Hearing Board (ZHB) if it believed it was not in violation of the Zoning Ordinance. *Id.*

On March 15, 2018, Esposito timely filed a Notice of Appeal from the February 15, 2018 summary conviction in Common Pleas. *See* Notice of Summary Appeal, R.R. at 5a-12a. Common Pleas conducted a hearing on Esposito's appeal on June 26, 2018. *See* N.T. 6/26/2018; R.R. at 30a-71a. Esposito moved to dismiss the Citation on the bases that (1) the Pennsylvania Municipalities Planning Code (MPC)[2] authorizes the imposition of civil, not criminal, penalties, and (2) Township filed the Citation without providing Esposito proper enforcement notice. After much discussion regarding the proper process of a zoning enforcement action, during which Common Pleas and the parties appeared to agree that the proper procedure for challenging a zoning enforcement action was to appeal to the ZHB and then to a different division of Common Pleas, if necessary,[3] Common Pleas did not rule on the appeal, but continued the matter and directed Esposito to file either (1) an application for a certificate of occupancy, (2) an application for a zoning permit, or (3) an appeal to the ZHB to address the alleged violation of the Zoning Ordinance related to TCI conducting business out of the Property's basement. *See* N.T. 6/26/2018 at 36-40; R.R. at 65a-69a.

---

[2] Act of July 31, 1968, P.L. 805, *as amended*, 53 P.S. § 10101-11202.

[3] *See* N.T. 6/26/2018 at 8-12, 21-22 & 27-33; R.R. at 37a-41a, 50a-51a & 56a-62a.

On appeal,[4] Esposito contends that the citation is invalid because Township never provided proper notice of its zoning ordinance enforcement action as required by the MPC. *See* Esposito's Brief at 11-17. We agree.

The MPC controls municipal zoning ordinance enforcement in Pennsylvania and notice requirements therefor. *See* Section 616.1 of the MPC, 53 P.S. § 10616.1, added by Act of December 21, 1988, P.L. 1329. Where a municipality alleges a zoning ordinance violation, the municipality must commence enforcement proceedings by sending a notice as specified in the MPC. *See* 53 P.S. § 10616.1(a) ("If it appears to the municipality that a violation of any zoning ordinance enacted under this act or prior enabling laws has occurred, the municipality shall initiate enforcement proceedings by sending an enforcement notice as provided in this section."). Section 616.1(c) of the MPC provides that an enforcement notice must include *at least* the following six (6) items:

(1) The name of the owner of record and any other person against whom the municipality intends to take action.

(2) The location of the property in violation.

(3) The specific violation with a description of the requirements which have not been met, citing in each instance the applicable provisions of the ordinance.

(4) The date before which the steps for compliance must be commenced and the date before which the steps must be completed.

---

[4] "In an appeal from a trial court's decision in a zoning enforcement proceeding, our review is limited to determining whether the trial court committed an abuse of discretion or error of law." *Borough of W. Conshohocken v. Soppick*, 164 A.3d 555, 559 n.4 (Pa. Cmwlth.), *appeal denied*, 176 A.3d 843 (Pa. 2017) (quoting *Loganville Borough v. Godfrey*, 59 A.3d 1149, 1151 n.4 (Pa. Cmwlth. 2012)).

(5) That the recipient of the notice has the right to appeal to the zoning hearing board within a prescribed period of time in accordance with procedures set forth in the ordinance.

(6) That failure to comply with the notice within the time specified, unless extended by appeal to the zoning hearing board, constitutes a violation, with possible sanctions clearly described.

53 P.S. § 10616.1(c). This Court has determined that the Section 616.1(c) requirements are mandatory and that notices without all required information do not satisfy the Section 616.1(c) requirements. *Twp. of Maidencreek v. Stutzman*, 642 A.2d 600, 602 (Pa. Cmwlth. 1994) (finding that a failure to include citation to specific ordinance alleged to be violated rendered enforcement notice invalid). "Once a landowner has been given notice of a zoning violation pursuant to Section 616.1, that landowner can contest the asserted violations only by way of appeal to the municipality's zoning hearing board and cannot merely defend the charge when the municipality seeks ordinance violation fines before a district justice." *City of Erie v. Freitus*, 681 A.2d 840, 842 (Pa. Cmwlth. 1996). However, "[a] municipality's failure to comply with Section 616.1 precludes it from seeking penalties under Section 617.2 of the MPC[5]." *Id.* Further, "[t]he validity of [an

___

[5] Section 617.2 enumerates the MPC's enforcement remedies, in pertinent part, as follows:

Any person, partnership or corporation who or which has violated or permitted the violation of the provisions of any zoning ordinance enacted under this act or prior enabling laws shall, upon being found liable therefor in a civil enforcement proceeding commenced by a municipality, pay a judgment of not more than $500 plus all court costs, including reasonable attorney fees incurred by a municipality as a result thereof. No judgment shall commence or be imposed, levied or payable until the date of the determination of a violation

6

enforcement] notice must be determined from the four corners of the document, and extrinsic evidence is irrelevant and immaterial." *Twp. of Lower Milford v. Britt*, 799 A.2d 965, 971 (Pa. Cmwlth. 2002).

Here, neither of Township's alleged enforcement notices complied with the requirements of MPC Section 616.1(c). Initially, the October 31, 2017 Letter failed to comply with the Section 616.1 notice requirements for multiple reasons. First, the October 31, 2017 Letter is addressed to Esposito personally. *See* October 31, 2017 Letter; R.R. at 108a. To the extent Esposito would need to be notified as "any other person against whom the municipality intends to take action[,]" Township still would need to address the letter to E&R as the Property's owner of record. *See* 53 P.S. § 10616.1(c)(1). It did not.[6]

---

by the district justice. If the defendant neither pays nor timely appeals the judgment, the municipality may enforce the judgment pursuant to the applicable rules of civil procedure. Each day that a violation continues shall constitute a separate violation, unless the district justice determining that there has been a violation further determines that there was a good faith basis for the person, partnership or corporation violating the ordinance to have believed that there was no such violation, in which event there shall be deemed to have been only one such violation until the fifth day following the date of the determination of a violation by the district justice and thereafter each day that a violation continues shall constitute a separate violation. All judgments, costs and reasonable attorney fees collected for the violation of zoning ordinances shall be paid over to the municipality whose ordinance has been violated.

Section 617.2 of the MPC, added by Act of December 21, 1988, P.L. 1329, 53 P.S. § 10617.2(a).

[6] We acknowledge that, while it listed Esposito's address as "5852 Steubenville Pike," the October 31, 2017 Letter incorrectly listed the address of the Property in its reference line as "5052 Steubenville Pike." *See* October 31, 2017 Letter; R.R. at 108a. However, because multiple other Section 616.1(c) deficiencies exist in the October 31, 2017 Letter, we need not dwell herein on the ramifications of this typographical error.

7

Next, regarding specific alleged violations, the October 31, 2017 Letter merely asserts that Township had learned of TCI's operation in Property's basement and that, without an occupancy permit, such operation constituted "a violation of the Ordinances of the Township of Robinson." October 31, 2017 Letter; R.R. at 108a. This general assertion fails to adequately state any specific violation with a citation to the applicable provision of the local ordinance allegedly violated, as required by the MPC. *See* 53 P.S. § 10616.1(c)(3); *Maidencreek*, 642 A.2d at 602 (stating that, "as used in [S]ection 616.1(3)," the term "cite" "means a specific numerical reference to the ordinance section which the township asserts the landowners have violated").

Additionally, the October 31, 2017 Letter provides neither a date before which steps for compliance must be commenced nor the date before which such steps must be completed. *See* October 31, 2017 Letter; R.R. at 108a. Instead, the October 31, 2017 Letter simply instructs Esposito to cease and desist TCI's operation within 48 hours,[7] without any dates for either the commencement or completion of compliance steps, as required. *See* 53 P.S. § 10616.1(c)(4).

Further, the October 31, 2017 Letter fails to inform Esposito of his right to appeal to the ZHB within a prescribed period of time per the particular local ordinance allegedly violated. *See* October 31, 2017 Letter. The MPC requires such notification. *See* 53 P.S. § 10616.1(c)(5). The October 31, 2017 Letter makes no reference to any appellate rights or procedures beyond contacting Solicitor with any questions. *See* October 31, 2017 Letter; R.R. at 108a.

---

[7] While we acknowledge and agree with Township's argument that a cease-and-desist letter may function as a Section 616.1 enforcement notice, *see* Township's Brief at 9, we note that a cease-and-desist letter so considered must still comply with the notice requirements of Section 616.1.

8

Finally, to the extent it refers to possible sanctions for failure to comply with the enforcement notice within a specified time, the October 31, 2017 Letter states only:

> If you do not cease operation within forty-eight (48) hours of the receipt of this notification, the Township will have no other recourse than to enforce the laws of the Township of Robinson which will include, but not be limited to, the shutting down of this operation.

October 31, 2017 Letter; R.R. at 108a. In addition to arguably indefinitely informing Esposito about whether a failure to comply actually constitutes a violation of unidentified sections of the Township Zoning Ordinance, and even assuming it adequately describes the possible sanctions, this statement fails to notify Esposito that an appeal to the ZHB extends the compliance time period. *See* 53 P.S. § 10616.1(c)(6).

For these reasons, the October 31, 2017 Letter does not satisfy the mandatory enforcement notice requirements of Section 616.1.[8]

The November 7, 2017 Letter likewise fails to comply with all Section 616.1(c) requirements for notice of an enforcement action. Initially, as with the October 31, 2017 Letter, the November 7, 2017 letter fails to identify a date by which Esposito must commence steps for compliance with the allegedly violated ordinance sections or a date by which such steps must be completed. *See* November 7, 2017 Letter; R.R. at 115a-16a. Additionally, the November 7, 2017 Letter fails to advise

---

[8] We note that, at the June 26, 2018 hearing before Common Pleas, Solicitor conceded that the October 31, 2017 Letter "may not have all the qualifications of a zoning enforcement[,]" and further explained that "[t]hat's not the point of the letter. It was not a zoning enforcement." N.T. 6/26/2018 at 28; R.R. at 57a.

Esposito of any right to appeal to the ZHB and that a failure to comply with the alleged enforcement notice within a specified time period constitutes a violation, with the possible sanctions clearly described. *See id.* Instead, the November 7, 2017 Letter discusses only the zoning permit application process and the alleged existence of a site plan approval from 2011. *See id.*

For these reasons, the November 7, 2017 Letter also fails to satisfy the mandatory enforcement notice requirements of Section 616.1.[9]

Because the Township did not comply with the mandatory enforcement notification requirements of MPC Section 616.1 before issuing the Citation based on the Zoning Ordinance and seeking penalties under Section 617.2 of the MPC, Common Pleas erred by dismissing Esposito's appeal instead of granting the same. *See Freitus.* Accordingly, we reverse Common Pleas' order.[10]

_____
CHRISTINE FIZZANO CANNON, Judge

---

[9] Because the remaining correspondence between Township and Esposito postdate the issuance of the Citation, such correspondence could not have served as an enforcement notification per Section 616.1, and thus need not be examined further by this Court.

[10] As a result of our disposition of the notice issue, we need not reach Esposito's claim regarding whether Township properly issued a criminal citation in this zoning enforcement matter. *See* Esposito's Brief at 17-24.

10

## IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Township of Robinson           :
                                     :
            v.                  :
                                     :
James M. Esposito,        :    No. 1399 C.D. 2018
               Appellant      :

## O R D E R

AND NOW, this 31st day of May, 2019, the September 18, 2018 order of the Court of Common Pleas of Allegheny County is REVERSED.

_____
CHRISTINE FIZZANO CANNON, Judge