| | | |
|---|---|---|
| E&R Partners, LP | : | |
| | : | |
| v. | : | |
| | : | |
| Robinson Township Zoning Hearing | : | |
| Board | : | |
| | : | |
| v. | : | |
| | : | |
| Township of Robinson | : | |
| | : | |
| Appeal of: Robinson Township | : | No. 831 C.D. 2022 |
| Zoning Hearing Board | : | Submitted: December 4, 2023 |

BEFORE:   HONORABLE ANNE E. COVEY, Judge
          HONORABLE STACY WALLACE, Judge
          HONORABLE MARY HANNAH LEAVITT, Senior Judge

OPINION BY
JUDGE COVEY                                    FILED: February 20, 2024

Robinson Township (Township) Zoning Hearing Board (ZHB) appeals from the Allegheny County Common Pleas Court's (trial court) June 30, 2022 order ruling that the ZHB had jurisdiction to hear E&R Partners, LP's (E&R) zoning appeal and remanding the matter to the ZHB for a hearing on the merits. The ZHB presents two issues for this Court's review: (1) whether the trial court erred by concluding that the ZHB had jurisdiction; and (2) whether permitting E&R to pursue its appeal before the ZHB would vitiate the Pennsylvania Municipalities Planning Code's[1] (MPC) legislative purpose for the provisions mandating timely resolution of zoning disputes. After review, this Court affirms.

---

[1] Act of July 31, 1968, P.L. 805, *as amended*, 53 P.S. §§ 10101-11202.

E&R is the record owner of property located at 5852 Steubenville Pike (Property) in the Township, from which it conducts a real estate business. James Esposito (Esposito) is E&R's managing partner. On October 31, 2017, the Township's Solicitor sent Esposito a letter (October 2017 Letter), wherein he demanded that Esposito and E&R cease and desist operating a third-party business, The Counseling Initiative of Pittsburgh (TCI), from the Property's basement without first obtaining an occupancy permit from the Township. Specifically, the October 2017 Letter stated, in relevant part:

> [The Township has] received information that . . . TCI [] is operating a counseling initiative out of the basement of the [] [P]roperty. The Township officials have informed us that there is not an Occupancy Permit for the [P]roperty and for the operation of a business out of that location. This is a violation of [Chapter 300 of the Township Code of Ordinances, "Zoning" (Zoning Ordinance), Twp. Of Robinson, Allegheny County, Pa. Zoning Ordinance (2010)]. . . .
>
> Accordingly, **please accept this** [**October 2017 L**]**etter as the Township's demand that you cease and desist the operation of TCI** [] or any other residential or commercial enterprise without obtaining an Occupancy Permit from the Township . . . . If you do not cease this operation within forty-eight (48) hours of the receipt of this notification, the Township will have no other recourse than to enforce the laws of the Township [] which will include, but not be limited to, the shutting down of this operation.

Reproduced Record (R.R.) at 28a (emphasis added).

Neither Esposito nor E&R complied with the October 2017 Letter. By November 7, 2017 correspondence (November 2017 Letter), the Township informed Esposito's counsel that it was immediately issuing criminal citations against him, E&R, and TCI, that TCI needed to apply for a new zoning permit, and that Esposito and E&R were required to obtain site plan approval for TCI from the Township's

2

Planning Commission before the Township would issue a new occupancy permit. *See* R.R. at 35a. On November 10, 2017, the Township's Code Enforcement Officer filed a non-traffic criminal citation against Esposito for violation of Township "Municipal Code Violations, Chapter 300 Zoning Art[icle] III[, Township of Robinson, Allegheny County, Pa., Municipal Code (2010)]." Esposito and E&R subsequently requested certain determinations from the Township's Zoning Officer (Zoning Officer) to formulate an appeal to the ZHB. The Zoning Officer responded that it would not issue the requested determinations.

On February 15, 2018, Magisterial District Judge (MDJ) Carla M. Swearingen-Batch (MDJ Swearingen-Batch) found Esposito guilty of a summary offense (Summary Conviction) and imposed a $500.00 fine.

By March 9, 2018 correspondence (March 2018 Letter), the Township's Solicitor notified E&R:

> On February 15, 2018[,] you were found guilty . . . of a Summary Offense - Required Permit for Zoning and Building. You were found guilty on the basis that you did not have an Occupancy Permit for the [] [P]roperty. In addition, the Township received letters dated February 15, 2018[,] from Plans Examiners, Inc. indicating that you have not called for a re-inspection of the [P]roperty under the Fire Code of the Township[2] [] since March 14, 2011. In addition, Plans Examiners, Inc. has indicated that your Building Permit issued on March 30, 2012[,] expired on March 30, 2018[,] and your Certificate of Occupancy for the rear of the building has not been issued.
>
> Please accept this [March 2018 L]etter as your official notice that you must terminate your illegal operation of the businesses currently operating in your building at the [Property]. If you do not cease your illegal operations and vacate the above building by March 15, 2018[,] you may subject yourself to the daily fine of Five Hundred ($500.00) Dollars for each day that the violations continue

---

[2] Township Ordinance 9 of 2005.

plus all court costs and reasonable attorney fees incurred by the Township. You may also be subject to an action to obtain an injunction restraining you from continuing your use of your building. . . .

**If you believe you are not in violation of the provisions of the Zoning Ordinance** . . . **you have the right to file an appeal to the** [**ZHB**] and to the [trial court] within thirty (30) days of February 15, 2018.

R.R. at 15a (emphasis added).

On March 15, 2018, Esposito appealed from the Summary Conviction to the trial court. Esposito moved for dismissal of the citation. On September 18, 2018, the trial court dismissed Esposito's appeal as inappropriately filed. Thereafter, Esposito appealed from the trial court's dismissal to this Court.

In the interim, on September 10, 2018, E&R filed a notice of appeal with the ZHB from "the requirement and refusal made by the Zoning Officer in the administration of [the Zoning Code]." R.R. at 9a. By September 20, 2018 letter (September 2018 Letter), the Zoning Officer explained:

As you are aware, on October 31, 2017, you were issued a Notice of Enforcement of the [Zoning] Ordinance[] . . . pertaining to an illegal operation that was occurring at the [Property]. It is our understanding that you permitted TCI [] to operate a counseling initiative out of the basement of the [] [P]roperty. TCI [] was operating the counseling initiative without an Occupancy Permit for the [P]roperty and for the operation of a business out of that location. In addition, you failed to cease and desist the operation of TCI [] or any other residential/commercial enterprise without obtaining an Occupancy Permit from the Township []. As a result, the Township [] was forced to issue citations with [MDJ Swearingen-Batch] for violations pursuant to Article III - Administration and Enforcement of the [Zoning Ordinance], Sections 300-16, 300-17 and 300-18, and as amended by the Township . . . . In addition, the citations were issued under Part 21-A - Off-Street Parking and Loading of the [Zoning Ordinance]. It is the Township's position [] that you are currently in violation of Part 21-A for failure to submit and

4

have approved a Site Plan for the above [P]roperty address. You were previously forwarded the applicable sections of the [Zoning Ordinance,] as well as the relevant forms for Application for Certificates of Occupancy, Building Permits and Site Plan Applications.

On February 15, 2018[,] you were found to be in violation of the [Zoning Ordinance] by [MDJ Swearingen-Batch]. On March 9, 2018[,] an additional Enforcement Notice was sent to you and Capital Realty at the above address. You were advised at that time that if you continue the illegal operation of the businesses currently operating in the building[,] you could be subject to civil fines and penalties. At that time[,] you were advised that if you believed you were not in violation of the provisions of the [Zoning Ordinance,] . . . you have the right to file an [a]ppeal to the [ZHB] and to the [trial court] within thirty (30) days of February 15, 2018.

On or about March 15, 2018[,] you filed an [a]ppeal to the [trial court] from your [S]ummary [C]onviction. **However**, **you failed to file an** [a]**ppeal to the** [**ZHB**]. You did file an [a]ppeal to the [ZHB] on September 10, 2018, said [a]ppeal being beyond the thirty (30)[-]day time limit for [a]ppeal to the [ZHB].

On September 18, 2018, your [a]ppeal was dismissed by the Honorable Lester Nauhas of the [trial court]. As a result of the dismissal of the [a]ppeal by the [trial court], you are subject to the Five Hundred ($500.00) Dollar fine instituted by [MDJ] Swearingen-Batch and you may be subject to an additional Five Hundred ($500.00) Dollar daily fine for your failure to cease and desist the operation of [TCI] in your building.

As a result of the above, you must cease and desist the operation of TCI [] and any other residential/commercial enterprise at the above location without obtaining an Occupancy Permit from the Township . . . . If you do not cease this operation within ten (10) days of the receipt of this notification the Township will have no other recourse but to enforce the laws of the Township [] which will include, but not be limited to, the request for an injunction to prohibit the operation of [TCI,] as well as a daily fine of

> Five Hundred ($500.00) Dollars per day as a result of the dismissal of your [a]ppeal to the [trial court].

Original Record (O.R.) at 156-157 (emphasis added). On September 28, 2018, E&R filed an amended notice of appeal with the ZHB from the Zoning Officer's September 2018 Letter.

Following a public hearing, on November 28, 2018, the ZHB concluded that it lacked jurisdiction over the matter because neither Esposito nor E&R appealed to the ZHB within 30 days of the October 2017 Letter or MDJ Swearingen-Batch's February 15, 2018 decision. E&R timely appealed from the ZHB's November 28, 2018 decision to the trial court.

On May 31, 2019, in *Township of Robinson v. Esposito*, 210 A.3d 1146 (Pa. Cmwlth. 2019), this Court reversed the trial court's decision that dismissed Esposito's appeal from the Summary Conviction, concluding that the October 2017 Letter and November 2017 Letter did not satisfy the enforcement notice requirements of Section 616.1 of the MPC.[3]

---

[3] Added by Section 60 of the Act of December 21, 1988, P.L. 1329, 53 P.S. § 10616.1. Section 616.1 of the MPC states, in pertinent part:

> (a) If it **appears to the municipality that a violation of any zoning ordinance enacted under** [**the MPC**] **or prior enabling laws has occurred**, the municipality **shall initiate enforcement proceedings by sending <u>an enforcement notice</u>** as provided in this section.
>
> (b) The enforcement notice shall be sent to the owner of record of the parcel on which the violation has occurred, to any person who has filed a written request to receive enforcement notices regarding that parcel, and to any other person requested in writing by the owner of record.
>
> (c) An enforcement notice **shall state** at least the following:
>
> > (1) The name of the owner of record and any other person against whom the municipality intends to take action.
> >
> > (2) The location of the property in violation.

On June 30, 2022, the trial court concluded that the ZHB had jurisdiction and remanded the matter to the ZHB to conduct an appropriate hearing. The ZHB filed a timely appeal from the trial court's order in this Court.[4] On October 10, 2022, E&R filed a motion to quash the ZHB's appeal, alleging that the trial court's June 30, 2022 order was not a final, appealable order and that the ZHB, as a quasi-judicial body, did not have standing to appeal therefrom. On January 31, 2023, this Court denied E&R's motion to quash. Thereafter, the parties filed their briefs in this Court.[5]

---

> (3) The specific violation with a description of the requirements which have not been met, citing in each instance the applicable provisions of the ordinance.
>
> (4) The date before which the steps for compliance must be commenced and the date before which the steps must be completed.
>
> (5) That the recipient of the notice has the right to appeal to the zoning hearing board within a prescribed period of time in accordance with procedures set forth in the ordinance.
>
> (6) That failure to comply with the notice within the time specified, unless extended by appeal to the zoning hearing board, constitutes a violation, with possible sanctions clearly described.
>
> (d) In any appeal of an enforcement notice to the zoning hearing board, the municipality shall have the responsibility of presenting its evidence first.

53 P.S. § 10616.1 (bold and underline emphasis added).

[4] Whether the ZHB had jurisdiction below is a question of law and, thus, this Court's review is plenary. *See Seitel Data, Ltd. v. Ctr. Twp.*, 92 A.3d 851 (Pa. Cmwlth. 2014); *Dechert LLP v. Pa. Dep't of Cmty. & Econ. Dev.*, 234 A.3d 911 (Pa. Cmwlth. 2020).

[5] The Township also filed a brief urging this Court to reverse the trial court's order. Like the ZHB, the Township argues that the trial court erred by ruling that the ZHB had jurisdiction. The Township further argues:

> The [t]rial [c]ourt in this matter substituted its own judgment over that of the judgment of the [ZHB,] despite not conducting any further hearings or gathering any additional evidence from the

The ZHB first argues that it lacked jurisdiction over E&R's appeal because the October 2017 Letter, the November 2017 Letter, and the March 2018 Letter (collectively, the Letters) were *determinations* from which E&R failed to timely appeal, despite that the Zoning Officer had not issued an enforcement notice for the subject violations.[6]

Section 909.1(a)(3) of the MPC specifies that the ZHB has exclusive jurisdiction to hear and render final adjudications in appeals from zoning officer "determination[s] . . . , including . . . the issuance of any cease and desist order . . . ." 53 P.S. § 10909.1(a)(3), added by Section 87 of the Act of December 21, 1988, P.L. 1329. Section 107(b) of the MPC defines *determination* as:

> [F]inal action by an officer, body or agency charged with the administration of any land use ordinance or applications thereunder, except the following:
>
> (1) the governing body;

parties. This substitution of judgment comes after the [ZHB] conducted a full hearing on this matter, considered and reviewed proposed findings of fact and conclusions of law from the parties, and issued [] well-reasoned and detailed [f]indings of [f]act, [c]onclusions of [l]aw, [r]easoning[,] and [d]ecision.

The [t]rial [c]ourt's opinion rests on the finding of this Court in [*Esposito*], that the Township's letters did not contain the proper information required by [the MPC] to constitute a Notice of Enforcement. However, the question before this [t]rial [c]ourt was not concerning the enforcement of a notice of violation, but rather whether the [ZHB] had jurisdiction to hear an appeal of a determination of the Zoning Officer when the appeal was not submitted within [30] days as required by the [MPC]. The [t]rial [c]ourt failed to evaluate the letters as determinations when [it] evaluated the letters as notices of enforcements issued by the Zoning Officer appealable only to the [ZHB] under the [MPC].

Township Br. at 11-12. The Township's issues are subsumed herein. Although the ZHB also raised the issue of the trial court's alleged improper substitution of judgment in its Statement of the Questions Involved, it did not further argue that issue in its brief. *See* ZHB Br. at 5.

[6] The ZHB also argues that E&R did not appeal to the ZHB within 30 days of the filing of the MDJ action that resulted in the Summary Conviction.

8

(2) the zoning hearing board; or

(3) the planning agency, only if and to the extent the planning agency is charged with final decision on preliminary or final plans under the subdivision and land development ordinance or planned residential development provisions. **Determinations shall be appealable only to the boards designated as having jurisdiction for such appeal**.

53 P.S. § 10107(b) (emphasis added).

"Pursuant to Section 914.1(b) of the [MPC], '[a]ll appeals from determinations adverse to the landowners shall be filed by the landowner **within 30 days** after notice of the determination is issued.' 53 P.S. § 10914.1(b)[, added by Section 95 of the Act of December 21, 1988, P.L. 1329] (emphasis added)." *Martin v. Zoning Hearing Bd. of W. Vincent Twp.*, 230 A.3d 540, 544 (Pa. Cmwlth. 2020) (footnotes omitted). "Statutory appeal periods are mandatory and may not be extended as a matter of grace or mere indulgence. Appeals filed beyond the appeal period are untimely and deprive the reviewing tribunal of subject matter jurisdiction over the appeals." *Id.* at 545 (quoting *Kocher v. Zoning Hearing Bd. of Wilkes-Barre Twp.* (Pa. Cmwlth. No. 81 C.D. 2015, filed Feb. 9, 2016), slip op. at 7 (citations omitted)).[7]

The law is well established:

> [**I**]**n order to commence zoning enforcement proceedings**, **a municipality must send an enforcement notice which satisfies the specific requirements set forth in Section 616.1 of the** [**MPC**]. A municipality's failure to comply with Section 616.1 precludes it from seeking penalties under Section 617.2 of the MPC[, 53 P.S. § 10617.2, added by Section 62 of the Act of December 21, 1988, P.L. 1329].

---

[7] Unreported decisions of this Court, while not binding, may be cited for their persuasive value. Section 414(a) of the Internal Operating Procedures of the Commonwealth Court, 210 Pa. Code § 69.414(a). The unreported cases referenced herein are cited for their persuasive value.

> **Once a landowner has been given notice of a zoning violation pursuant to Section 616.1 [of the MPC], that landowner can contest the asserted violations only by way of appeal to the municipality's zoning hearing board** and cannot merely defend the charge when the municipality seeks ordinance violation fines before a district justice.

*City of Erie v. Freitus*, 681 A.2d 840, 842 (Pa. Cmwlth. 1996) (emphasis added; citation and footnotes omitted).

> [A]s provided in Section 616.1 of the MPC, an enforcement proceeding is initiated **as soon as an <u>enforcement notice</u> is sent to the property owner**. **An appeal to the zoning hearing board regarding such a notice is part and parcel of the enforcement proceeding** because a property owner may not be found liable unless there is a conclusive determination of a violation, either through the appeal process or by a failure to appeal the notice.

*Borough of Bradford Woods v. Platts*, 799 A.2d 984, 991 (Pa. Cmwlth. 2002) (bold and underline emphasis added); *see also Borough of W. Conshohocken v. Soppick*, 164 A.3d 555, 560 (Pa. Cmwlth. 2017) ("The notice of violation informs the landowner of the specific violation, the steps to be taken to come into compliance, and the time within which to do so. Upon receipt of the notice, the landowner may appeal the violation to the zoning hearing board."); *Warwick Twp. v. Winters* (Pa. Cmwlth. No. 2071 C.D. 2016, filed July 21, 2017). Thus, "Section 616.1(c)(6) of the MPC dictates a conclusive determination of violation when a landowner, **after receiving an enforcement notice**, continues an allegedly unlawful use without appealing to the [z]oning [h]earing [b]oard[.]" *Borough of Latrobe v. Pohland (Est. of Pohland)*, 702 A.2d 1089, 1096 (Pa. Cmwlth. 1997) (emphasis added).

The *Esposito* Court held that the October 2017 Letter and November 2017 Letter did not comply with the MPC's enforcement notice requirements. Similarly, the March 2018 Letter did not comply with MPC's enforcement notice

requirements because it did not identify the Zoning Ordinance provisions E&R allegedly violated. *See* Section 616.1(c)(3) of the MPC, 53 P.S. § 10616.1(c)(3); *see also Twp. of Maidencreek v. Stutzman*, 642 A.2d 600 (Pa. Cmwlth. 1994). The ZHB asserts that, despite that the Letters did not meet Section 616.1 of the MPC's enforcement notice requirements, they were determinations - specifically, cease and desist orders - under Section 909.1(a)(3) of the MPC, and any appeal therefrom had to be filed within 30 days. However, the *Esposito* Court explained: "While we acknowledge and agree with [the] Township's argument that a cease-and-desist letter **may** function as a Section 616.1 [of the MPC] enforcement notice, . . . a cease-and-desist letter so considered **must still comply with the notice requirements** of Section 616.1 [of the MPC]." *Esposito*, 210 A.3d at 1150 n.7 (emphasis added).

Nonetheless, the ZHB insists that "the plain language of [Sections 909.1 and 914.1(b) of] the MPC expressly authorizes appeals from 'the determination of the zoning officer.' It does not require that an enforcement notice pursuant to [Section 616.1(b) of the MPC] be issued as a legal prerequisite to an appeal to a zoning hearing board." ZHB Br. at 16 (quoting 53 P.S. § 10909.1(a)(3)). The ZHB argues that the Letters were determinations from which E&R failed to timely appeal, thereby depriving the ZHB of jurisdiction in the instant matter.

The Pennsylvania Supreme Court has observed:

> A fundamental principle in statutory construction is that we must read statutory sections harmoniously. Parts of a statute that are in pari materia, i.e., statutory sections that relate to the same persons or things or the same class of persons and things, are to be construed together, if possible, as one statute. "If they can be made to stand together[,] effect should be given to both as far as possible." [*Commonwealth v.*] *Off*[.] *of Open Records*, 103 A.3d [1276,] 1284 [(Pa. 2014)] (quoting *Kelly v. City of Phila*[.], . . . 115 A.2d 238, 245 ([Pa.] 1955)). In ascertaining legislative intent, statutory language is to be interpreted in context, with **every statutory section read**

11

**"together and in conjunction"** with the remaining statutory language, **"and construed with reference to the entire statute"** as a whole. *B*[*d.*] *of Revision of Taxes, City of Phila*[.] *v. City of Phila*[.], . . . 4 A.3d 610, 622 ([Pa.] 2010). We must presume that in drafting the statute, the General Assembly intended the entire statute, including all of its provisions, to be effective. Importantly, this presumption requires that **statutory sections are not to be construed in such a way that one section operates to nullify**, **exclude**[,] **or cancel another**, **unless the statute expressly says so**.

*Tr. Under Agreement of Taylor*, 164 A.3d 1147, 1157 (Pa. 2017) (emphasis added; citations omitted). "A conflict between various statutes or parts thereof is to be avoided and, if possible, the apparently conflicting provisions must be construed together with the more specific provisions prevailing over the general ones." *Hous. Auth. of Cnty. of Chester v. Pa. State Civ. Serv. Comm'n*, 730 A.2d 935, 946 (Pa. 1999).

The ZHB urges this Court to interpret Section 914.1(b) of the MPC to require the recipient of a defective enforcement notice to appeal to the ZHB from said notice as a *determination* or waive his appeal rights thereunder.[8] However, this Court may not interpret Section 914.1(b) of the MPC in a vacuum. Here, because the *determinations* involve purported zoning ordinance violations, this Court cannot ignore the MPC's statutory provisions specifically addressing "violation[s] of [a] zoning ordinance[.]" 53 P.S. § 10616.1(a). "This Court has determined that [] Section 616.1(c) [of the MPC's] requirements are **mandatory** and that notices without all required information do not satisfy [] Section 616.1(c) [of the MPC's] requirements." *Esposito*, 210 A.3d at 1149 (emphasis added). Accepting the ZHB's interpretation would render Section 616.1 of the MPC and the mandatory

---

[8] Such would include a defective enforcement notice that excludes the required notification informing the recipient of his/her right to appeal to the zoning hearing board in accordance with the zoning ordinance's time constraints and procedures. *See* 53 P.S. § 10616.1(c)(5).

12

requirements therein a nullity (including the appeal notification provision in Section 616.1(c)(5) of the MPC) because municipalities could ignore Section 616.1 of the MPC with impunity as long as the recipient does not appeal to the ZHB. Consistent with *Taylor* and *Housing Authority*, this Court will not permit Section 914.1(b) of the MPC to nullify a municipality's obligations under Section 616.1(a) of the MPC.

The ZHB further contends that permitting E&R to pursue its appeal before the ZHB under the instant circumstances would vitiate the MPC's legislative purpose to timely resolve zoning disputes; specifically, Section 105 of the MPC's[9]

---

[9] Section 105 of the MPC states:

> It is the intent, purpose and scope of this [MPC] to protect and promote safety, health and morals; to accomplish coordinated development; to provide for the general welfare by guiding and protecting amenity, convenience, future governmental, economic, practical, and social and cultural facilities, development and growth, as well as the improvement of governmental processes and functions; to guide uses of land and structures, type and location of streets, public grounds and other facilities; to promote the conservation of energy through the use of planning practices and to promote the effective utilization of renewable energy sources; to promote the preservation of this Commonwealth's natural and historic resources and prime agricultural land; to encourage municipalities to adopt municipal or joint municipal comprehensive plans generally consistent with the county comprehensive plan; to promote small business development and foster a business-friendly environment in this Commonwealth; to ensure that municipalities adopt zoning ordinances which are generally consistent with the municipality's comprehensive plan; to encourage the preservation of prime agricultural land and natural and historic resources through easements, transfer of development rights and rezoning; to ensure that municipalities enact zoning ordinances that facilitate the present and future economic viability of existing agricultural operations in this Commonwealth and do not prevent or impede the owner or operator's need to change or expand their operations in the future in order to remain viable; to encourage the revitalization of established urban centers; and to permit municipalities to minimize such problems as may presently exist or which may be foreseen and wherever the provisions of this act promote, encourage, require or

13

reference to "the improvement of governmental processes and functions[.]" 53 P.S. § 10105. The ZHB cites to various MPC provisions promoting disposition of land development and zoning disputes, including Section 908 of the MPC, 53 P.S. § 10908 (requiring timely zoning application hearings and dispositions and providing for deemed approval where the ZHB fails to render a decision within the time required) and Sections 914.1(b) (prohibiting an appeal to the ZHB filed beyond 30 days) and 909.1(a)(3) (conferring on the ZHB exclusive jurisdiction appeals from zoning officer determinations) of the MPC, 53 P.S. §§ 10914.1(b), 10909.1(a)(3).

> The ZHB asserts:
>
> The purpose of this legislatively-mandated expedited procedure is to avoid precisely what transpired in this case[,] with seemingly unending correspondence and positioning back and forth between the parties rather than the prompt and timely appeal to a zoning hearing board for the resolution of the dispute. Prompt resolution of land use disputes is to the benefit of both the municipality and the landowner to fulfill the [l]egislative mandate "to improve governmental processes and functions," not the least of which is to conserve costs to both the landowner and the municipality (i.e., the taxpayers who support local government).
>
> To permit an applicant to procrastinate . . . appealing to a zoning hearing board [] whenever it best suits the landowner defeats the purpose of the [l]egislature in enacting the MPC. E&R's dilatory behavior and procrastination cannot be rewarded by this Honorable Court.

ZHB Br. at 26. Notwithstanding:

---

authorize governing bodies to protect, preserve or conserve open land, consisting of natural resources, forests and woodlands, any actions taken to protect, preserve or conserve such land shall not be for the purposes of precluding access for forestry.

53 P.S. § 10105.

14

> As we observed in *Gibraltar Rock*[*, Inc. v. New Hanover Township Zoning Hearing Board*, 68 A.3d 1012, 1019 (Pa. Cmwlth. 2013)], "the purpose of [the MPC's] mandatory time limits is to **protect an applicant from dilatory conduct by the municipality**." [*Id*.] at 1020 (quoting *Nextel Partners, Inc. v. Clarks Summit Borough/Clark Summit Borough Council*, 958 A.2d 587, 593 (Pa. Cmwlth. 2008)).

*All State Signz Co. v. Burgettstown Borough*, 154 A.3d 416, 421 (Pa. Cmwlth. 2017) (emphasis added). Requiring the recipient of a defective enforcement notice to appeal or forfeit attendant appeal rights where the municipality has not complied with mandatory MPC provisions provides no such protections. Rather, it would protect a municipality from its own misdeeds. Accordingly, the ZHB's argument fails.

For all of the above reasons, the trial court's order is affirmed.

_____
ANNE E. COVEY, Judge

15

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

E&R Partners, LP :
:
v. :
:
Robinson Township Zoning Hearing :
Board :
:
v. :
:
Township of Robinson :
:
Appeal of: Robinson Township : No. 831 C.D. 2022
Zoning Hearing Board :

## O R D E R

AND NOW, this 20th day of February, 2024, the Allegheny County Common Pleas Court's June 30, 2022 order is affirmed.

_____
ANNE E. COVEY, Judge